JAMES HOGAN AND JAMES HOGAN, BY PATRICK HOGAN, THEIR
    NEXT FRIEND v. HANNAH HOGAN AND JOHN
        CAHALEN AND MICHAEL FOX, EXECUTORS
            OF THE WILL OF MICHAEL HOGAN.

### Construction of devise.

A man devised certain real estate to two nephews, to be sold when they
    became of age, and the proceeds to be equally divided between them,
    but he also provided that his wife was to have control of the
    property until they became of age. *Held*, that she was to have
    meanwhile the exclusive and beneficial right of enjoyment.

Where a decree construing a will was found to be incorrect, and valid
    objections to the jurisdiction were made, the Supreme Court on
    appeal reversed the decree and dismissed the bill with costs of both
    courts to defendants.

Appeal from Ionia.  Submitted June 11.  Decided June 23.

BILL to obtain the construction of a will.  Defendants
appeal.  Reversed and bill dismissed.

*Mitchel & Pratt* for complainants.

*Lemuel Clute* for defendant Hannah Hogan.  A widow
who takes a bequest in lieu of dower is entitled to the full
benefit of all she gets for it : *Isenhart v. Brown* 1 Edw. Ch.
411; *Hubbard v. Hubbard* 6 Met. 50; *Williamson v. Wil-
liamson* 6 Paige 298.  In providing that the widow shall
have the control of land devised to minors, until they reach
their majority, the testator evidently means that she shall
have the use of them; and use is sometimes construed as
meaning the entire interest: *Patterson v. Stewart* 38 Mich.
402.

GRAVES, J.  It seems to have been the substantial purpose
of this bill to obtain a construction of certain provisions of
the will of Michael Hogan, in respect to which the parties

have put forward conflicting claims. A copy of the will is set forth in the margin.*

The contention has arisen on the following clauses:

"I also bequeath the rest of my real estate lying on section 15, town 8, range of 5 west, being in Ionia county, to my brother Patrick Hogan's son James and also to my brother John Hogan's son James. The said real estate shall be sold when they become of age and the money divided equally between both of them. My wife, Hannah, is to have fire-wood of five acres of the south-east corner. My wife, Hannah, is to have control of these 32 acres on section 15, town 8, range of 5 west, until these children become of age."

The position on behalf of complainants is that, apart from the right to obtain fire-wood on five acres as given and subject thereto, the entire beneficial interest in the thirty-two

---

"*In the name of God, I, Michael Hogan, being in good bodily health and of sound mind and memory, being desirous of settling my worldly affairs, and directing how these states, for which there has pleased God to bless me, shall be disposed of after my decease, this my last will and testament. And first I commend my immortal being to Him who gave it, and my body to the earth. My will is that all my just debts and funeral charges shall by my executors.

*First.* I give, devise and bequeath to my wife, Hannah Hogan, the west half of my real estate on section 22, town 8, of range 5 west in Ionia county, it being my residence, to have and to hold during her lifetime and after her death it goes to my brother Dennis, and in case he should die before her it then shall go to his heirs. I also bequeath to my wife, Hannah Hogan, all my personal property of whatsoever name or nature, and also all the growing crops now on the ground except 30 bushels of wheat that shall be given to my mother. I also bequeath to my brother, Dennis, the east half of my real estate on section 22, town 8, range of 5 west. My wife, Hannah, is also to have the use of half the big barn and the other half to my brother, Dennis.

And I also bequeath the rest of my real estate lying on section 15, town 8, range of 5 west, being in Ionia county, to my brother Patrick Hogan's son, James, and also to my brother John Hogan's son, James, the said real estate shall be sold when they become of age, and the money divided equally between both of them. My wife, Hannah, is to have fire-wood of five acres of the south-east corner. In consideration of what I give my brother Dennis, he is to provide for my mother during her lifetime. My wife, Hannah, is to have control of these 32 acres on section 15, town 8, of range 5 west, until these children become of age. I do nominate and appoint John Cahalen and Thomas Fox to be the executors of my last and testament.

" Witnesses,
         "JOHN CAHALEN,
         " JOHN McKELVY.
"North Plains, July 7, 1877."

                                    his
                    MICHAEL ✕ HOGAN.
                                    mark.

acre parcel was herein devised to them and vested immediately on the testator's death, and that the widow acquired no interest in the premises or any right to the usufruct, and that the testator, in putting in her hands the control of the land during the minority of his nephews, only intended to commit the care and management of the property to her during that interval for their exclusive benefit. The court below accepted this theory and decreed accordingly. We cannot assent to this view. Neither the general scheme of the will, nor anything in the provisions other than those in question, nor any outside matters which can be consulted, lead to any such inference or suggest any such interest.

The state of things which the testator must have contemplated presented no reason for requiring an arrangement of that kind. On the contrary, the surrounding conditions were unfavorable to it. He undoubtedly considered that this intended bounty to his nephews would not fall in until they attained majority, and would then be realized in the form of money, through conversion of the land, and that during this interval they would have no interests needing special attention; that having devoted the land to their future benefit, he would allow his widow to hold it under her exclusive and beneficial control in the meantime. It could not have been his intention to impose on her the burden of managing, leasing and taking care of this land for a series of years for the ease and profit of his nephews.

His meaning in the provisions relative to her, so far as it can be gathered from the tenor and spirit of the will, was obviously to confer benefits, and we look in vain for anything indicating the existence of a wish or thought to inflict on her any needless labor and responsibility, and we think the effect of the gift to the nephews, and that of control to his widow, was to give to the nephews the entire interest, subject to the gift of fire-wood and subject to her exclusive and beneficial right of enjoyment for the period during which their right of enjoyment is postponed. Having briefly explained our impressions on the merits, it remains to observe that serious objections have been urged

to the jurisdiction, although both sides have pressed for intimations sufficient or likely to be sufficient to foreclose further contention.

The defendants' counsel has argued that the alleged grievance of complainants was cognizable at law and that no sufficient case had been made for equitable redress, and this position appears so forcible that instead of proceeding to make a declaratory decree, we shall content ourselves by reversing the decree below and dismissing the bill with the costs of both courts to defendants.

The other Justices concurred.