HANNAH HOGAN v. PATRICK HOGAN AND JAMES HOGAN.

[See 44 Mich. 147.]

*Will—Estates in land—Waste—Firewood—Injunction—Election of remedy.*

By the terms of a will the testator devised to his wife a life estate in certain land upon which he resided, and to two of · his nephews 32 acres of land, subject, however, to its control by the widow until their majority, when it was to be sold, and the proceeds divided equally between them. The widow was also to have firewood off 5 of the 32 acres. Executors were appointed, but no estate or title was vested in them as trustees, nor was a power of sale given to them. The widow cut from the 5 acres, and sold, a quantity of ash and elm logs, intending, as she claimed, with the proceeds, to purchase coal for fuel. She and her vendee were enjoined at the suit of the nephews from removing the logs from the land. Pending a hearing of the equity suit, the widow attempted to cut the logs into firewood, whereupon the guardian of one of the nephews and the other nephew went upon the land and removed the logs, and the widow replevied the same. At the time the logs were cut there were a number of large beach and maple trees upon the 5-acre tract, which were more suitable for firewood than the ones cut. And it is held:

*a*—That the provision of the will giving the widow the right to firewood from the 5 acres is inconsistent with an intention to give her greater powers or privileges respecting said 5 acres, and must be regarded as indicating the character of the use which she is to enjoy of that portion of the 32 acres, and does not include the right to cut timber into logs, and with the proceeds purchase fuel, so long at least as there is an abundance of fuel timber.

*b*—That under the rule laid down in *Mandlebaum v. McDonell*, 29 Mich. 78, the devise to the nephews must be regarded as of a present vested remainder in fee; that the cutting of the timber was clearly waste; that the injury was one done to the inheritance; that the property in the logs was in the nephews, and they might seize it, bring trover for its conversion, or replevy it.

*c*—That, by the conduct of the widow in attempting to cut the logs into firewood, a danger to the property was threatened not contemplated when the bill was filed, the main object of which was to prevent further cutting, and the sale of the logs which had been cut; that the *statu quo* was changed by her own conduct, and, in view of another danger, the complainants had the right to avail themselves of another effective remedy to protect their property.

Error in Ionia. (Davis, J.) Argued November 2, 1894. Decided December 7, 1894.

Replevin. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Clute & Clute*, for appellent.

*George E. & M. A. Nichols*, for defendants.

McGRATH, C. J. Plaintiff's husband died testate, leaving the west half of certain lands on section 22 to plaintiff, during her life, and upon her death to his brother Dennis; the east half of said lands to his brother Dennis; and certain other land, consisting of 32 acres, to two nephews, providing that such real estate should be sold when the nephews became of age, and the proceeds divided equally between said nephews. The will further provided that the widow was "to have firewood off 5 acres of the south-east corner" of the 32 acres, and that she "is to have control of these 32 acres until these children [the two nephews] become of age."[1] Plaintiff cut from the 5 acres named, and sold to one Bennett, a quantity of ash and elm logs. The widow and Bennett were enjoined in a proceeding in equity, on behalf of the nephews, from removing the logs. Pending a final hearing in that proceeding, plaintiff attempted to cut the logs into firewood, and Pat-

---

[1] For a copy of the will, see *Hogan v. Hogan*, 44 Mich. 148.

rick Hogan, guardian of one of the nephews, and James Hogan, the other nephew, went upon the land and took away the logs. Plaintiff brings replevin.

It is conceded that at the time of the cutting of the logs there were a number of large beach and maple trees upon the 5-acre tract, which were more suitable for firewood than the ones cut, but it is claimed by plaintiff that her intention was, with the proceeds of the logs, to buy coal for fuel.

It is insisted by plaintiff that the clause of the will giving the wife control of the 32 acres during the minority of the nephews imported a tenancy without impeachment for waste. The provision of the will giving to plaintiff the right to firewood from the 5 acres is inconsistent with an intention to give to the plaintiff greater powers or privileges respecting the 5 acres. It must be regarded as indicating the character of the use which she is to enjoy of that portion of the 32 acres. The right to cut firewood from woodland must be exercised in the usual manner, and cannot be extended to the use of the more valuable timber for other purposes, and does not include the right to cut such timber into logs, and with the proceeds buy fuel, so long at least as there is an abundance of fuel timber. *Phillips v. Allen,* 7 Allen, 115; *Padelford v. Padelford,* 7 Pick. 152; 1 Tayl. Landl. & Ten. § 352.

The will gives the 32 acres to the nephews, and provides that the same shall be sold when they become of age, and the money divided equally between them. Executors are appointed, but no estate or title is vested in them as trustees, nor is a power of sale given to them. Under the rule laid down in *Mandlebaum v. McDonell,* 29 Mich. 78, the devise to the nephews must be regarded as of a present vested remainder in fee. The cutting of the timber was clearly waste. The injury was one done to the inheritance. The property in the logs was in the

defendants, and they might seize it, bring trover for its conversion, or replevy it. 1 Washb. Real Prop. *119; *Howard v. Patrick,* 38 Mich: 795, 803.

The only other question raised by the assignments is as to the effect of the pendency of the chancery cause upon defendants' rights. The bill filed prayed that defendant therein might be restrained from cutting, selling, or disposing of timber, except for firewood, and that defendant might be required to account for all money received from the sale of logs, and that the logs then on the land might be sold under the direction of the court, and the proceeds decreed to belong to complainants. The bill did not pray for an accounting as to the logs not disposed of. The main object of the bill was an injunction to prevent further cutting, and the sale of the logs which had been cut. Whatever may have been the plaintiff's purpose, if she had succeeded the effect would have been to defeat a sale of the logs under the direction of the court. The theory of the bill was that complainants therein owned the logs. By her conduct, a danger to the property not contemplated when the bill was filed was threatened. The *statu quo* was changed by plaintiff's own conduct, and, in view of another danger, defendants had the right to avail themselves of another effective remedy to protect their property.

The judgment is affirmed.

The other Justices concurred.