## HOLMES *v.* HOLMES.

1. Deeds—Construction—Nature of Grant.

Where plaintiff accepted from his father a deed to certain premises with full understanding at the time, as evidenced by his writing of the same date, that it granted him a life estate only, with remainder over to his children, he is bound by its terms, and cannot, after a lapse of many years and after the death of grantor, ask more than to have the deed itself construed.

2. Same—Evidence—Testimony as to Previous Agreement Inadmissible.

Where the language of the deed itself is unambiguous and too plain for interpretation, testimony that by an agreement between plaintiff and his parents and brothers with reference to the property prior to the making of the deed he was entitled to an estate in fee simple, *held*, inadmissible.

3. Same—Construction—Granting Clause—Habendum—Nature of Grant.

Where the granting clause contained the words, "have granted, bargained, sold, remised, released, aliened and confirmed, and by these presents do grant, bargain, sell, remise, alien and confirm unto the said party of the

second part in trust nevertheless as hereinafter set forth," and the habendum clause read "To have and to hold all and singular the above described premises with the appurtenances during the natural life of said second party and in trust for his children to whom at his death said above described property shall descend share and share alike," *held*, that the deed granted the grantee therein a, life estate with a vested remainder in his children. as a class.

4. SAME—USES AND TRUSTS.

The contention that if the deed is held to be a conveyance in trust for the benefit of the children, then, under the statute of uses and trusts, no estate vested in the trustee is without merit, since said statute is not applicable to said deed.

5. SAME—TRUSTEE—VESTED ESTATE IN REMAINDERMEN.

The estate in remainder having vested under the deed, subject to the inclusion of children to be born in the future, there were no functions for the trustee to perform.

6. SAME—REMAINDERMEN—VESTED ESTATE.

The possibility of the death of the remaindermen in advance of the grantee of the life estate does not prevent them from taking that which in law is a vested remainder.

7. SAME—GRANTING CLAUSE—HABENDUM—REPUGNANCE.

The granting clause having expressly referred to the habendum clause to learn the extent and nature of the grant, there was no repugnance between the two clauses and hence no occasion to consider the rule invoked in case of repugnance.

Appeal from Wayne; Hosmer (George S.), J.   Submitted June 23, 1921. (Docket No. 48.)  Decided July 19, 1921.

Bill by William Holmes against Frank Holmes and others to quiet title to land.   John M. Welsh, Jr.,. intervened, claiming an interest under a land contract. From a decree dismissing the bill, intervener appeals. Affirmed.

*Wilkinson & Hinkley,* for appellant.

*James H. Pound,* for defendants.

WIEST, J.    Plaintiff filed the bill herein to be de-
creed the owner in fee simple of certain premises
under a deed executed and delivered by his father
to him in 1889.    In preparing the deed the scrivener
evidently used the printed short form warranty blank,
and we will make mention only of such parts thereof
as evidence an intention on the part of the grantor to
convey less than an estate in fee to plaintiff.

The granting clause reads:

"Witnesseth, that said parties of the first part   *
*   *   have granted, bargained, sold, remised, re-
leased, aliened and confirmed and by these presents
do grant, bargain, sell, remise, alien and confirm unto
the said party of the second part *in trust neverthe-
less as hereinafter set forth,* all that certain piece or
parcel of land."

The habendum clause reads:

"To have and to hold all and singular the above
described premises with the appurtenances during the
natural life of said second party *and in trust for his
children to whom at his death said above described
property shall descend share and share alike.*
"Together with all and singular the hereditaments,
*   *   *   to have and to hold the said premises as
above described with the appurtenances unto the said
party of the second part, *in trust nevertheless as here-
inbefore set forth.*"

Then follows the usual covenant of warranty to
the "said party of the second part, his heirs and as-
signs," etc.

The same day the deed was executed plaintiff signed
and delivered to William S. Holmes, Sr., the grantor
in the deed, a paper reading in part as follows:

"In consideration of the deed to me for my natural

life and in trust for my children of lot, * * * I hereby waive and relinquish all share or interest that I may have in the estate of William Holmes, Sr., at his death."

John M. Welsh, Jr., the intervener, claims to have a contract with plaintiff and his children for the sale to him of the premises in question and has a suit pending in the Wayne circuit against them for specific performance of such contract, and he asked for and was granted leave to intervene in this suit to protect his interests but without having the cases consolidated.

The learned circuit judge found:

"That William Holmes, Sr., the grantor named in the deed referred to and a copy of which is attached to the bill of complaint in this suit, had no intention at the time of the execution of said deed of vesting the title of the property described therein in his son, William Holmes, Jr., in fee; that as a matter of law, said deed should be construed as a grant to William Holmes, Jr., for life, with the remainder over to his children as a class.

"That the title to the fee of said property vested immediately in the three children of said William Holmes, Jr., then living, viz., Alfred Holmes, Elizabeth Meyer and Frank E. Holmes, subject to be opened in case of the subsequent birth of children of said William Holmes, Jr., after that date."

Decree was entered in accordance with such finding and plaintiff's bill dismissed.

From this decree intervener alone has appealed. If intervener has a valid contract with plaintiff and his children it is difficult to understand why he is in here asking to have the title decreed to be in plaintiff alone, unless he is seeking to cut off the possibility of having to deal with an increase in the number in the class of remaindermen. Inasmuch as no objection is raised to intervener being heard we will pass upon the case as presented.

Intervener claims that, under an agreement between plaintiff and his parents and brothers with reference to the property prior to the making of the deed, plaintiff was entitled to an estate in fee simple in the property. Considerable testimony was taken upon such issue but there is no occasion to resort to extrinsic evidence or bring in the circumstances antedating the execution of the deed for the language of the deed itself is unambiguous and too plain for interpretation.

Plaintiff accepted the deed with full understanding at the time, as evidenced by his writing of the same date, that it granted him a life estate only, and he is bound by its terms and cannot, after a lapse of so many years and after the death of the grantor, ask more now than to have the deed itself construed. Intervener contends that under the deed the fee title to the premises is in plaintiff, free from all remainders and reversionary interests, that the deed did not convey the title to plaintiff in trust for his children and it cannot be construed as a conveyance to plaintiff for life with the remainder to his children. The language of the deed is plain enough so that any one ought to be able to gather the clear intention thereof without resort to the contemporaneous written declaration of plaintiff, and such intention must prevail unless prevented by applicable principles of law. This deed granted plaintiff a life estate with a vested remainder in his children as a class. *Diehl* v. *Cotts,* 48 W. Va. 255 (37 S. E. 546) ; *McCoy* v. *Ferguson,* 164 Ky. 136 (175 S. W. 23) ; *Parker* v. *Converse,* 5 Gray (Mass.), 336.

The title in fee is carried by force of the deed itself to the children of plaintiff. Considerable stress is laid upon the language that plaintiff under the deed is to have and hold the premises in trust for his children to whom, at his death, the property should descend, share and share alike, and it is claimed that if the

deed is held to be a conveyance in trust for the benefit of the children then under the statute of uses and trusts no estate vested in the trustee. We may dismiss this contention and the statute of uses and trusts from further consideration as not applicable to the deed at all.

In *Hushaw* v. *Wood,* 178 Iowa, 752 (160 N. W. 274), it was held that a deed in trust to a daughter of the grantor only for her own use during her lifetime, and at her death to be equally divided among her children then living, conveyed a life estate to the daughter with remainder to her children.

The estate in remainder having vested under the deed, subject to the inclusion of children to be born in the future, there were no functions for the trustee to perform. Under the deed the remainder being limited to a class the title in fee vested in such of the class *in esse* at the time of the delivery of the deed, subject, however, to open up and let in those afterwards born. *Lariverre* v. *Rains,* 112 Mich. 276.

The possibility of the death of the remaindermen in advance of plaintiff does not prevent them from taking that which in law is a vested remainder. *Halsey* v. *Fulton,* 119 Va. 571 (89 S. E. 912).

In this deed the granting clause expressly sends the reader to the habendum clause to learn the extent and nature of the grant, and in the habendum is found the estate granted plaintiff fully defined as one for life only. We have no occasion, therefore, to consider the old time technical rule, invoked by intervener, with reference to repugnancy between the granting clause and the habendum. It may be well, however, to observe that the technicality of the old rule has to a large extent departed, and if it clearly appears from the whole instrument that it was the intention of the grantor to enlarge or restrict the granting clause by the habendum, the habendum will control. *Chicago*

*Lumbering Co.* v. *Powell,* 120 Mich. 51; *Putnam* v. *Railroad Co.,* 174 Mich. 246; 18 C. J. p. 332.

The decree in the court below is affirmed, with costs to defendants against appellant.

STEERE, C. J., and MOORE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred. CLARK, J., did not sit.