### WELCH v. HOLMES.

1. PRINCIPAL AND AGENT—TERMINATION OF AGENCY TO SELL—RIGHT OF FORMER AGENT TO BUY.

    After the termination of plaintiff's agency to sell land, he could, with perfect propriety, become the purchaser himself.

2. SAME—RIGHT TO MAKE ADVANTAGEOUS BARGAIN.

    After plaintiff put off the character of agent, he was at liberty to make as advantageous a purchase as he legitimately could.

3. SPECIFIC PERFORMANCE—ASSIGNMENT—INFERENCES.

    In a suit by the vendee for the specific performance of a land contract, where the plaintiff and his father both testified that plaintiff was the real purchaser, and there was no testimony to the contrary, the bare fact of an assignment from the plaintiff to his father to secure him for money advanced for payments, *held*, insufficient to warrant the inference that plaintiff was only an agent and not the real purchaser.

4. SAME—INCREASE IN VALUE NO DEFENSE.
> Where the price agreed to be paid for land at the time
> the contract for its sale was entered into was adequate,
> a subsequent rise in value thereof is no defense in a suit
> for specific performance.

5. SAME — SEPARABLE CONTRACTS—VOID CONTRACT TO PAY COM-
MISSION NO BAR TO SPECIFIC PERFORMANCE TO PURCHASE.
> Although an agreement to pay plaintiff, the vendee in a
> land contract, a commission on the sale was void for want
> of consideration, the contracts being separable, specific
> performance to purchase may be decreed without includ-
> ing payment of the commission.

Appeal from Wayne; Richter (Theodore J.), J. Sub-
mitted May 4, 1922. (Docket No. 110.) Decided
December 5, 1922. Rehearing denied March 23, 1923.

Bill by John M. Welch, Jr., against William S.
Holmes, Elizabeth N. Meyer and Frank E. Holmes
for the specific performance of a land contract. From
a decree dismissing the bill, plaintiff appeals. Re-
versed, and decree entered for plaintiff.

*Wilkinson & Hinkley,* for plaintiff.

*Codd, Bishop & Kilpatrick,* for defendant *Frank E.
Holmes.*

*James H. Pound,* for defendant Meyer.

MCDONALD, J. The plaintiff is engaged in the real
estate business in the city of Detroit, working on a
commission basis in the office of his father, John M.
Welch, Sr., and his uncle, Thomas Welch, doing busi-
ness as Welch Brothers. The defendants Elizabeth
N. Meyer and Frank E. Holmes are children of de-
fendant William S. Holmes.

The defendants owned a piece of property on the
Snyder road which they wished to sell and on which
they placed a sale price of $30,000. On the 28th of
April, 1915, the property was listed with plaintiff to

be sold at the price above mentioned, he receiving an option running until 12 o'clock on the 1st day of June, 1915. This option expired without any sale having been effected. On the 5th of June, 1915, the parties entered into a sales agreement whereby plaintiff was to pay $30,000 for the property as follows: $100 in cash, $7,400 when an abstract showing marketable title was furnished, and the balance to be secured by mortgage. This agreement provided for a commission of $1,500 to Welch Brothers. At that time the plaintiff was a minor. Within a day or two after the execution of the contract he assigned it to his father, John M. Welch, Sr. Before the commencement of suit, he had become of age and it was reassigned to him. In the meantime, the defendant William S. Holmes had begun a suit in chancery to perfect the title and to determine the respective interests in the property of the several defendants. The plaintiff was allowed to intervene. That suit was reviewed by this court in *Holmes* v. *Holmes*, 215 Mich. 112. It was there held that defendant William S. Holmes was possessed of a life estate in the premises, with the remainder in fee to his children, who are the other two defendants in this case. Shortly after the contract was executed the property in question increased in value and the defendants refused to perform. The plaintiff then brought this suit for specific performance. On the hearing the circuit judge dismissed the bill, and as a basis for his decree filed an opinion in which he said in part:

"The court finds, as a matter of fact, in this case that John Welch, Sr., father of the plaintiff, and Thomas Welch, an uncle of the plaintiff, were the undisclosed principals in the purchase of this real estate, and that that fact was not made known to the defendant at the time they entered into this contract; that the plaintiff acted in a fiduciary relation and that it was the duty of the plaintiff to make known to the

defendant his interest and the identity of the undisclosed purchasers. The court also finds, as conceded by both parties, that the plaintiff obtained a part of the commission for the sale of this property to himself, and that this was illegal and against public policy. The court further finds as a matter of fact that no consideration passed between the plaintiff and Frank Holmes and Elizabeth Meyer for entering into this contract, and that there was no legal tender made to the defendant Frank Holmes and Elizabeth H. Meyer of the balance due under the contract, which tender must, under the law, be made before the commencement of suit. The court further finds that the only title which could pass between William Holmes and the plaintiff would be the life estate which William Holmes had at the time of entering into the contract. The court also finds that the consideration to be paid for the purchase of the property was grossly inadequate."

The defendants' right to a decree in this case must rest upon their claim that Welch Brothers were the real purchasers or undisclosed principals in the transaction and that the plaintiff was only an agent. It is undisputed that the plaintiff became the agent of defendants to sell the property on the 28th day of April, 1915, and that his agency terminated on the 1st day of June following. After that time he could with perfect propriety become the purchaser himself. On the 5th day of June, 5 days after his agency terminated, he entered into a written contract of purchase with the defendants for a consideration which the defendants now claim was grossly inadequate. The evidence does not support this claim, but, conceding that it does, if plaintiff had put off the character of agent, he was at liberty to make as advantageous a purchase as he legitimately could.

Whether he was still their agent is, of course, the controlling question of fact. The circuit judge found that he was, but the record discloses no testimony that would warrant such a conclusion. The written

contract of agency had terminated 5 days before this transaction, and none of the defendants testified that any other or further oral arrangement had been made with him to renew the agency.     In fact, at that time they thought he was the real purchaser.     The court's conclusion seems to have been based on the fact that soon after the contract of purchase was executed, it was assigned by the plaintiff to his father, John M. Welch, Sr.     At that time the plaintiff was a minor, and he testifies that he made the assignment to protect his interests.     The father says that he took the assignment as security for money which he was to advance to assist plaintiff in making his payments on the contract.     From the fact of this assignment, counsel draw the inference that plaintiff was only an agent and Welch Brothers were the real purchasers.     Having in mind, in explanation of their acts, that the parties to the assignment were father and son, that both testified positively that the plaintiff was the real purchaser, that there was no evidence, written or oral, from the defendants or other witnesses, tending to establish agency, we think that the bare fact of the assignment does not warrant the inference which counsel seek to draw from it.     The facts seem to be that the three defendants voluntarily and understandingly entered into this contract for a consideration that seemed to them to be fair and adequate at the time.     They were all willing to accept $30,000. They had listed it with other agents at that price, but were unable to sell.     They then listed it with the plaintiff at the same figure, and he was unable to sell, though he testifies that he made strenuous efforts to do so.     At least there is no evidence that, during the time he had it for sale, he did anything inconsistent with his duty to the defendants.     Under these circumstances, after the agency had terminated, he owed no duty to the defendants, and it was his right

to buy the property on his own account.    This he did. The price he paid was adequate at the time, but property in that locality has since increased in value. As it subsequently developed, due to this rise in real estate values, the defendants made a bad bargain, but having voluntarily entered into a legal contract, they must perform it.

The contract of purchase made provision for the payment of $1,500 as commission to Welch Brothers. The plaintiff explains that, according to the arrangement under which he was working in Welch Brothers' office, he was required to pay them a commission on all property purchased by him.    In view of the relationship between plaintiff and the brokers and the facts and circumstances attending the entire transaction, we are of the opinion that the agreement to pay the commission was wholly without consideration. It is independent of the other consideration, and, as the contracts are separable, specific performance of the contract to purchase may be decreed without including that for the payment of a commission.    The defendants will not be required to pay the $1,500 commission; neither may such sum be deducted from the purchase price.

The other questions urged by counsel, viz., lack of consideration, failure to make proper tender of payment, and the effect of plaintiff's minority, are plainly without merit and we do not deem it necessary to discuss them.

The decree is reversed, and one will be entered in harmony with the conclusions herein reached.    Plaintiff will have costs.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.