## RAAK v RAAK

Docket No. 101962. Submitted June 22, 1988, at Grand Rapids.
Decided August 17, 1988.

Berdena Raak entered into a written trust agreement conveying
to herself and her children, Robert Raak and Sandra Mott, as
joint tenants with rights of survivorship, her real, personal, and
intangible personal property. The children were appointed as
trustees and were granted a durable power of attorney.
Berdena thereafter petitioned in the Probate Court for the
County of Ottawa for the appointment of a conservator and
revoked the power of attorney and declaration of trust. The
probate court, Jack A. Vande Bunte, J., granted the petition,
naming FMB-First Michigan Bank conservator. After the trus-
tees delivered certain assets to the conservator, Berdena and the
conservator filed a petition for an order to show cause alleging
that respondents, the trustees, breached their fiduciary duties
by converting items of personal property, failing to make
payments on a promissory note, and removing papers and
records. Petitioners requested the court to order respondents to
render an accounting. Berdena subsequently decided that she
no longer wanted an accounting and did not need a conserva-
tor. The court refused to dismiss the conservator and ordered
respondents to prepare an accounting of the trust assets. Re-
spondents appealed alleging that under the terms of the decla-
ration of trust they had no obligation to account for the trust
assets.                                                       .

The Court of Appeals *held:*

The probate court did not err in ordering respondents to
prepare an accounting of the trust assets. A trust instrument
may relieve a trustee from the necessity of keeping formal
accounts, but cannot legally relieve the trustee from the duty
to account in a court of equity.

Affirmed.

REFERENCES
Am Jur 2d, Trusts §§ 304 *et seq.*, 505 *et seq.*
See the Index to Annotations under Accounts and Accounting;
Trusts and Trustees.

1. TRUSTS — TRUSTEES — DUTY TO ACCOUNT.

> A trust instrument may relieve a trustee from the necessity of keeping formal accounts but cannot legally relieve the trustee of the duty to account in a court of equity.

2. TRUSTS — TRUSTEES — DUTY TO ACCOUNT — JUDICIAL CONSTRUCTION.

> Courts narrowly construe clauses in trust instruments which relieve the trustee from the duty to account.

*Dalman, Murphy, Bidol & Bouwens, P.C.* (by *Joel G. Bouwens),* for FMB-First Michigan Bank.

*Karl V. Bush,* for respondents.

Before: MacKENZIE, P.J., and BEASLEY and M. G. HARRISON,* JJ.

PER CURIAM. Respondents, former trustees of Berdena Raak's revocable trust, appeal as of right from an order of the probate court requiring them to render an accounting as to trust property. We affirm.

Petitioner Berdena Raak is a widow in her late seventies who lives by herself. Respondents are Berdena's children. Throughout their marriage, Berdena's husband was the exclusive manager of the couple's assets, so that Berdena had no experience in financial management. Berdena was the sole beneficiary under their joint will. Shortly after her husband's death in 1981, respondents began to assume control over Berdena's assets which apparently totalled approximately $104,591.82, exclusive of her home and antique doll collection.

In September, 1983, Berdena and respondents entered into a written trust agreement appointing respondents as trustees. Pursuant to the terms of the declaration of trust, Berdena conveyed to her-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

self and respondents as joint tenants with rights of survivorship her real property, personal property, and intangible personal property. Along with the trust agreement, Berdena also granted respondents a durable power of attorney.

In September, 1984, Berdena, revoked the power of attorney. In November, 1984, she petitioned the probate court for the appointment of a conservator and revoked the declaration of trust. The probate court granted the petition and named petitioner FMB-First Michigan Bank conservator. Respondents subsequently delivered to the conservator $32,579.12 in assets.

On September 9, 1985, Berdena and FMB filed a petition for an order to show cause in the probate court alleging that, as trustees, respondents converted items of personal property, failed to make payments on a promissory note to Berdena, used the power of attorney to transfer title to Berdena's assets without her knowledge and consent, and refused to reconvey her real and personal property. The petition requested that the court order respondents to render an accounting of the property while it was held in trust in order to determine the whereabouts of the $70,000 in missing assets.

On March 13, 1986, the probate court granted petitioners' motion for partial summary disposition and ordered respondents to reconvey to Berdena her real property. The court further ordered respondent Robert Raak to prepare an accounting of all Berdena's assets over which he had obtained control or title pursuant to the durable power of attorney. The court, however, reserved the question of whether respondents were under a duty to render an accounting of the trust property. This was because respondents claimed that under paragraph 7 of the declaration of trust they had

no obligation to account for the trust assets. Paragraph 7 provided:

> 7. ACCOUNTING. So long as [Berdena Raak] lives and is not disabled, Trustees need keep no accounts because of the control which she has retained. However, in the event of the disability or death of Berdena Raak, Trustees shall keep an account of receipts and disbursements and of property on hand at the end of the accounting period and shall deliver copies to the beneficiaries or, if one is a minor, to one with whom he makes his home.

In the meantime, Berdena decided that she no longer wanted an accounting of her assets, that it did not matter where her $70,000 went, and that she no longer required a conservator. The court subsequently refused to dismiss the conservatorship, ruling: "I can't think of a situation that requires one more than this one."

Following a hearing on the issue whether respondents had an obligation to render an accounting, the court ruled that respondents were legally obligated to do so. On respondents' motion for reconsideration, the court stated:

> This Court's appointing of a fiduciary, a [sic] official fiduciary, a conservator, I think places that fiduciary in the shoes of Berdena Raak, and I think that even this provision of the trust would allow that conservator to ask for an accounting. I can't conceive of a situation where someone would make someone a trustee and not be able to change their minds on an account situation. I think that's, as I've said before, the responsibility of a fiduciary. To hold otherwise would mean that Berdena Raak five years down the road could wonder what happened to her money and have no ability to get answers to those questions. That's not the way I construe that provision of the Trust Document.

Formal accounts, perhaps. An idea of what happened to the money? No, I cannot believe that that is included in that or that the law would recognize that situation. The restatement of law, I think, points out the very difficulties we are dealing with here. It says a provision in the terms of the trust that there shall be no liability to account, however, may manifest an intention not to create a trust in the first place. And I think that indicates what I'm saying. Fiduciaries commonly have a duty to account to the persons they are responsible to. And I find nothing else in the brief supplied that would change my mind on that issue. There is a duty to account by all fiduciaries, and nothing in the law that I'm aware of or has been presented to me would change that.

On appeal, respondents contend that this ruling was erroneous and that the terms of paragraph 7 of the trust document, relieving them of the duty to account, should control. We disagree.

It is a strict duty of a trustee to keep and render a full and accurate record and accounting of his trusteeship to the cestui que trust, and the duty is strictly enforced by the courts. 76 Am Jur 2d, Trusts, § 505, pp 725-726. In Michigan, the duty to account is codified at MCL 700.814; MSA 27.5814. Under a trust agreement relieving the trustee from the necessity of keeping formal accounts, while a beneficiary cannot expect to receive reports concerning the trust estate, the trustee may be required in a suit for an accounting to show that he faithfully performed his duties, and is liable to whatever remedies may be appropriate if he was unfaithful to the trust. See 76 Am Jur 2d, Trusts, § 506, p 726. This is because a trust instrument may relieve a trustee from the necessity of keeping formal accounts, but cannot legally relieve him from his duty to account in a court of equity.

As explained in Bogert, The Law of Trusts & Trustees (rev 2d ed), § 973, pp 462-464, 467:

> If the settlor attempts to eliminate any accounting duty of the trustee, by providing that it shall not be necessary for his trustee to account to anyone at any time, it would seem that the clause should be invalid and the duty of the trustee unaffected. The settlor ought not to be able to oust the court of its inherent equitable, constitutional or statutory jurisdiction, or to override the acts of the legislature concerning information to be furnished by trustees to their beneficiaries. Provisions of this sort in deeds and wills would seem against public policy and void, just as contract clauses to like effect are declared null. There is a small amount of authority on the subject. The better reasoned decisions hold that the trustee still must account to the proper court.
>
> *    *    *
>
> A settlor who attempts to create a trust without any accountability in the trustee is contradicting himself. A trust necessarily grants rights to the beneficiary that are enforceable in equity. If the trustee cannot be called to account, the beneficiary cannot force the trustee to any particular line of conduct with regard to the trust property or sue for breach of trust. The trustee may do as he likes with the property, and the beneficiary is without remedy. If the court finds that the settlor really intended a trust, it would seem that accountability in chancery or other court must inevitably follow as an incident. Without an account the beneficiary must be in the dark as to whether there has been a breach of trust and so is prevented as a practical matter from holding the trustee liable for a breach.

The case law of other states is consistent with the above authorities. In *Wood v Honeyman,* 178 Or 484, 566; 169 P2d 131, 166 (1946), the Oregon Supreme Court stated:

We are completely satisfied that no trust instrument can relieve a trustee from his duty to account in a court of equity. We are, however, [satisfied that when] a provision is found in a trust instrument [relieving a trustee from the necessity of keeping formal accounts] a beneficiary can not expect to receive reports concerning the trust estate. But even when such a provision is made a part of the trust instrument, the trustee will, nevertheless, be required in a suit for an accounting to show that he faithfully performed his duty and will be liable to whatever remedies may be appropriate if he was unfaithful to his trust. Such being our views, it follows that, so far as the Educational Trust [relieving the trustee from all obligation to account to the beneficiaries of this trust, or to anyone] is concerned, the defendant was not required to maintain formal records and supply information to the beneficiaries concerning the condition of the corpus of the trust. The provision under consideration did not, however, relieve him from the accounting which the circuit court exacted of him.

Accord: *Ferguson v Mueller,* 115 Colo 139; 169 P2d 610 (1946) (every trust beneficiary is entitled to a court accounting from his trustee, and this right cannot be barred by a term of the trust instrument); *Salter v Salter,* 209 Ga 90; 70 SE2d 453 (1952) (a provision in a trust instrument that the trustee need not account or file an inventory does not relieve the trustee from accounting in a court of equity); *In re Porter's Estate,* 164 Kan 92; 187 P2d 520 (1947) (clause stating that trustees for charity are not to give bond or be under obligation to account to any person or court does not deprive the court of jurisdiction to hold the trustees to account).

It is the tendency of the courts to construe narrowly clauses in trust instruments relieving

the trustee from the duty to account. 76 Am Jur 2d, Trusts, § 506, p 726. Applying the above principles to the instant case, we find no error necessitating reversal in the probate court's order requiring respondents to prepare an accounting of the trust assets. Petitioners have alleged the respondents breached their fiduciary duties to Berdena by converting items of personal property, failing to make payments on a promissory note, and removing papers and records. Paragraph 7 may relieve respondents from the necessity of keeping formal accounts but it does not relieve them of their duty to account in the probate court.

Affirmed.