*In re* CHILDRESS TRUST

(CHILDRESS v ANGEL)

Docket No. 122642. Submitted December 10, 1991, at Detroit. Decided
May 18, 1992, at 9:30 A.M.

Denise Childress, for herself and as personal representative of the
estate of her father, Jimmy D. Childress, a missing person,
petitioned the Oakland Probate Court for supervision of a trust
created by her grandfather, Hugh M. Childress. Upon the
settlor's death, the trust became irrevocable, and respondent
Leonard J. Angel became the successor trustee. The trust
provides for discretionary payments from principal and income
for the support of a lifetime beneficiary and for the remainder
to go to the petitioner and Jimmy D. Childress. The court,
Sandra. G. Silver, J., found the petitioner's interest to be
contingent and ruled that the trustee had given the petitioner
all the information to which she was entitled under § 814 of the
Revised Probate Code, MCL 700.814; MSA 27.5814. The peti-
tioner appealed.

The Court of Appeals *held:*

1. The petitioner has a vested interest in the remainder of
the trust subject to defeasance, not a contingent interest. An
interest in a remainder that becomes possessory upon the death
of the lifetime beneficiary is vested even if the holder of the life
interest may invade the principal and has discretion to exhaust
the corpus.

2. Under the Revised Probate Code, a person with a vested
future interest is entitled to information regarding the adminis-
tration of the trust.

3. Under § 814, the petitioner is a presently vested benefi-
ciary entitled to unsolicited information, including annual ac-
counts, from the trustee.

4. The trust instrument does not relieve the trustee of the
duty to account to vested remaindermen. A trust provision

REFERENCES

Am Jur 2d, Estates §§ 245, 254; Trusts §§ 304-333, 505-522.

Nature of remainder created by inter vivos trust giving settlor,
trustee, or life beneficiary power to exhaust trust fund or other-
wise eliminate trust. 61 ALR2d 477.

relieving the trustee of the duty to keep formal accounts does not abrogate the statutory duty to account to the beneficiaries in the probate court.

5. The petitioner is entitled to relevant information about the assets and administration of the trust under § 814(2), and to an annual statement of the trust's accounts under § 814(4). The case must be remanded for a determination regarding the specific information to which the petitioner is entitled and whether there is any basis for the trustee's assertions that the income beneficiary has reason to fear for her safety if her identity and other information were disclosed.

Reversed and remanded.

1. TRUSTS — VESTED INTERESTS.

A vested interest is one that is capable of becoming possessory immediately upon the expiration of the preceding estate.

2. TRUSTS — REMAINDER INTERESTS — VESTED INTERESTS.

An interest in the remainder of a trust vests upon the death of the grantor, not upon the death of the life tenant; the possibility that the remainderman will die before the life tenant does not prevent the remainderman from having a vested interest in the remainder.

3. TRUSTS — REMAINDER INTERESTS — VESTED INTERESTS.

An interest in the remainder of a trust that becomes possessory upon the death of the lifetime beneficiary is vested even if the holder of the life interest may invade the principal and has discretion to exhaust the corpus; where the trust provides that the trustee may invade the entire corpus of the estate if necessary to support and provide medical care for the income beneficiary, the persons named as being entitled to the corpus upon the death of the income beneficiary have a vested remainder interest in the corpus of the trust subject to defeasance if the entire corpus is so used.

4. TRUSTS — BENEFICIARIES.

Under the Revised Probate Code, a beneficiary may be a holder of a vested or a contingent remainder interest (MCL 700.3[2]; MSA 27.5003[2]).

5. TRUSTS — TRUSTEES — DUTY TO ACCOUNT TO BENEFICIARIES.

A trust provision relieving the trustee of the duty to keep formal accounts does not abrogate the trustee's statutory duty to account to the beneficiaries in the probate court; although the terms of the trust may regulate the amount of information that the trustee must give and the frequency with which it must be

given, a beneficiary is always entitled to information reasonably necessary to enable enforcement of rights under the trust or to prevent or redress a breach of the trust.

*Moceri, Hoste & Bejin, P.C.* (by *Thomas H. Bejin*), for the petitioner.

*Rupp, Ehrlich, Foley & Serwer, P.C.* (by *Joseph H. Ehrlich*), for Leonard J. Angel.

Before: MICHAEL J. KELLY, P.J., and SULLIVAN and CONNOR, JJ.

SULLIVAN, J. Petitioner appeals as of right from a probate court order denying her petition for supervision of a trust. Petitioner claims that the probate court erred in characterizing her interest as contingent, and in denying on that basis her request for information and an accounting. We reverse and remand for further proceedings.

Petitioner's grandfather, Hugh M. Childress, was settlor and trustee of an inter vivos trust created in 1980. In 1988, upon Hugh Childress' death, the trust became irrevocable and respondent became the successor trustee. Respondent has provided this Court with only a redacted copy of the trust instrument. It appears, however, that the trust provides for discretionary payments from principal and income for the support of a lifetime beneficiary and for the remainder to go to petitioner and her father.[1] The trust instrument provides for alternative distribution of the remainder interests in the event the remaindermen do not survive the life beneficiary.

Petitioner requested a copy of the trust and a

[1] Denise Childress petitioned on her own behalf and as personal representative of the estate of her father, Jimmy Dale Childress, a missing person. Because the residuary trusts for petitioner and her father are substantially identical, we will refer only to petitioner in her individual capacity in our analysis of the issues.

list of the assets. When the trustee refused, petitioner filed her petition in probate court. Initially, the trustee refused to disclose the requested information, claiming that the income beneficiary feared petitioner because of her alleged drug use. At the evidentiary hearing that the probate court ordered with regard to this alarming charge, the trustee abandoned that claim. Instead, he argued that he was obligated to disclose only minimal information to petitioner because she was a contingent beneficiary and, under § 814 of the Revised Probate Code, MCL 700.814; MSA 27.5814, only "presently vested beneficiaries" are entitled to more extensive disclosures.

After an in camera review of a complete copy of the trust instrument, the probate court issued its opinion and order, finding petitioner's interest to be contingent. The court then ruled that the trustee had given petitioner all the information to which she was entitled under the statute, that is, a copy of the portions of the trust instrument that described her interest. The court required the trustee to post a $100,000 bond and reminded the trustee of his duty to notify petitioner upon the death of the income beneficiary. In this appeal, petitioner argues that she has a vested interest in the remainder of the trust, and that the code entitles her to information about the trust and its administration. We agree with petitioner and reverse the order of the probate court.

A vested interest is one that is capable of becoming possessory immediately upon the expiration of the preceding estate. *Stevens Mineral Co v Michigan,* 164 Mich App 692, 696; 418 NW2d 130 (1987). Our Supreme Court has labeled an interest such as petitioner's a vested remainder interest subject to defeasance. *In re Jamieson Estate,* 374 Mich

231, 236; 132 NW2d 1 (1965). The probate court and the trustee have miscast petitioner's interest in the trust as a contingent interest in the remainder. The trustee relies on two "contingencies": (1) that petitioner must survive the primary income beneficiary, and (2) that there must be assets left in the trust after the primary beneficiary's death. These are not conditions that render a remainder interest contingent rather than vested.

A remainder interest vests upon the death of the grantor, not upon the death of the life tenant. *In re Hurd's Estate,* 303 Mich 504, 509; 6 NW2d 758 (1942); *In re Patterson's Estate,* 227 Mich 486, 489-491; 198 NW 958 (1924). The possibility of the death of the remainderman before the life tenant does not prevent the taking of a vested remainder. *Hurd's Estate, supra; Holmes v Holmes,* 215 Mich 112, 117; 183 NW 784 (1921).

A remainder interest that becomes possessory upon the death of the lifetime beneficiary is vested even if the holder of the life interest may invade the principal and has discretion to exhaust the corpus. *Broas v Broas,* 153 Mich 310, 311-312; 116 NW 1077 (1908). Where the trust provides that the trustee may invade the entire corpus of the estate if necessary to support and provide medical care for the income beneficiary, the persons named as being entitled to the corpus upon the death of the income beneficiary have a vested remainder interest in the corpus of the trust subject to defeasance if the entire corpus is used as described. *Glaser's Elevator & Lumber Co v Lee Homes, Inc,* 65 Mich App 328, 331; 237 NW2d 312 (1975).

Thus, petitioner has a vested interest in the remainder subject to defeasance in the event she dies before the income beneficiary or before the

trust corpus is depleted.[2] The next question is whether a person with a vested future interest is entitled to information regarding the trust administration under the Revised Probate Code. We hold that she is.

The statute includes holders of both vested and contingent remainder interests in its definition of "beneficiary." MCL 700.3(2); MSA 27.5003(2). There is no statutory distinction among classes of beneficiaries except in § 814, regarding the trustee's duty to keep beneficiaries informed. MCL 700.814; MSA 27.5814. The relevant portions of this section state:

(1) The trustee shall keep the presently vested beneficiaries of the trust reasonably informed of the trust and its administration.

(2) Within 30 days after his acceptance of the trust, the trustee shall inform in writing the presently vested beneficiaries and if possible, 1 or more persons who may represent beneficiaries with future interests, of his name and address and of the court in which the trust is registered or probated, and, further, advise the beneficiary that he has the right to request and receive a copy of the terms of the trust which describe or affect his interest and relevant information about the assets and administration of the trust.

(3) Upon reasonable request, the trustee shall provide the beneficiary with a copy of the terms of the trust which describe or affect his interest and with relevant information about the assets of the trust and the particulars relating to the administration.

---

[2] The trustee has also overstated the nature of his discretion to distribute the trust corpus. His discretion is limited by his fiduciary duty to petitioner, whose rights equal those of the income beneficiary. *In re Butterfield Estate*, 418 Mich 241, 257; 341 NW2d 453 (1983). It is an abuse of a trustee's discretion to act from an improper, even though not dishonest, motive, such as where he acts because of dislike or disapproval of a beneficiary. 1 Restatement Trusts, 2d, § 187, comment g, p 404.

(4) The trustee shall provide to each presently vested beneficiary a statement of the accounts of the trust annually and on termination of the trust or change of the trustee.

The trustee contends that petitioner is a beneficiary, but not a "presently vested beneficiary." Consequently, according to the trustee, she is entitled, under subsections 2 and 3, to a copy of the terms of the trust that describe or affect her interest, and the trustee has given that to her. He ignores the provisions requiring that the trustee also give each beneficiary "relevant information about the assets and administration of the trust." Petitioner is entitled to that information and more.

The term "presently vested beneficiaries" as used in subsections 1, 2, and 4 has not been construed in a reported decision. In subsection 2, the term is used to describe the rights of that class of beneficiaries, seemingly in contrast to the rights of "beneficiaries with future interests." Further confusion arises from the last phrase of this subsection that uses the bare term "beneficiary" to state that the trustee must inform beneficiaries of their rights to receive a copy of relevant parts of the trust document and information about trust assets and administration. Given that petitioner is a "presently vested beneficiary" with a "future interest" in the trust, it is not clear whether the Legislature intended that she be entitled to full disclosure. Because of this ambiguity, judicial construction of the statute is appropriate. *Dep't of Social Services v Brewer,* 180 Mich App 82, 84; 446 NW2d 593 (1989).

In enacting the trust provisions of the Revised Probate Code, the Legislature adopted much of the Uniform Probate Code (UPC). See House Legislative

Analysis, HB 4475, January 30, 1979, p 10. There are, however, significant differences between the uniform act and the pertinent provisions of Michigan's statute. In construing an amendment of a statute, we presume that a change in phrasing implies an intent to change the meaning as well. *Greek v Bassett,* 112 Mich App 556, 562; 316 NW2d 489 (1982). The presumption does not apply in this case because we are concerned with the adoption of a statute from a model act, not an amendment of an existing statute. The principle, however, is useful. The Legislature began with the model act; we may reasonably assume that deviations from the language of that act were deliberate.

We also are bound, in our interpretation of a statute, by the language of the Legislature read in light of previously established and recognized rules of common law. *Benge v Michigan National Bank,* 341 Mich 441, 452; 67 NW2d 721 (1954). When the Legislature adopts a word or phrase having a settled, definite, and well-known meaning at common law, we must assume that the word or phrase is used with that common-law meaning unless a contrary intent is apparent. *People v Covelesky,* 217 Mich 90, 100; 185 NW 770 (1921). We construe words and phrases that have acquired a peculiar and appropriate meaning in the law according to that peculiar and appropriate meaning. MCL 8.3a; MSA 2.212(1); *Krajewski v Royal Oak,* 126 Mich App 695, 697; 337 NW2d 635 (1983).

Section 7-303 of the UPC merely parallels § 814 of the Revised Probate Code. The only provision of the model act mandating notification of beneficiaries by the trustee is found in UPC § 7-303(a), requiring the trustee to notify "current beneficiaries" of the court in which the trust is registered and of the trustee's name and address. The term

"current beneficiaries" has been defined to include those currently eligible to receive income from the trust. Bogert, Trusts & Trustees (rev 2d ed), § 961, pp 12-13. Our Legislature substituted the term "presently vested beneficiaries." That term has a specific meaning in Michigan's common law. As was discussed earlier, an interest such as petitioner's in this case has been described as a vested remainder interest subject to defeasance. In two older cases, our Supreme Court referred to such a future interest as a "present vested remainder." *Hogan v Hogan,* 102 Mich 641, 643; 61 NW 73 (1894); *Mandlebaum v McDonell,* 29 Mich 77, 87 (1874).

Thus, assuming that the Legislature's choice of words was deliberate and in keeping with the common-law meaning of the term, petitioner is a presently vested beneficiary. We also note that the Legislature imposed an affirmative duty on the trustee to provide annual statements of account to eligible beneficiaries, while the UPC requires such an account only upon the beneficiary's request. Furthermore, our code, unlike the UPC, requires the trustee to inform beneficiaries of their right to information. Reading these variations from the UPC together with the change in phrasing from "current" to "presently vested" beneficiaries, we conclude that our Legislature intended to enlarge the class of beneficiaries entitled to unsolicited information, including annual accounts, from the trustee.

The trustee contends that the trust instrument relieves him of the obligation to account to petitioner. We disagree with the trustee's interpretation of the provision on which he relies. It requires him to account to the income beneficiary; it does not expressly relieve him of the duty to account to vested remaindermen. In any event, a trust provi-

sion relieving the trustee of the duty to keep formal accounts does not abrogate the statutory duty to account to the beneficiaries in the probate court. *Raak v Raak,* 170 Mich App 786, 790; 428 NW2d 778 (1988). Although the terms of the trust may regulate the amount of information that the trustee must give and the frequency with which it must be given, the beneficiary is always entitled to such information as is reasonably necessary to enable him to enforce his rights under the trust or to prevent or redress a breach of trust. 1 Restatement Trusts, 2d, § 173, comment c, p 378.

The probate court based its denial of the petition for supervision on an error of law. Petitioner is a presently vested beneficiary, not a contingent one. She is, therefore, entitled to "relevant information about the assets and administration of the trust" under § 814(2), and to an annual statement of the trust's accounts under § 814(4). We are unable to determine from the record the specific information petitioner is entitled to or whether there is any basis for the assertions that the income beneficiary has reason to fear for her safety if her identity and other information were disclosed. A remand, therefore, is necessary for the probate court to decide these questions.

Reversed and remanded for further proceedings. We do not retain jurisdiction.