KELLY v. LOFTS.

1. MOTOR VEHICLES—OWNERSHIP—TRANSFER—CERTIFICATE OF TITLE.
    Under 1 Comp. Laws 1929, § 4660, legal ownership of automobile may not be returned to seller without proper transfer of certificate of title.

2. SAME—SALES—FRAUD—RESCISSION—RECOUPMENT—DAMAGES.
    In action by seller on note given for purchase price of automobile, purchaser, who had not rescinded contract by proper transfer of certificate of title, and who therefore still owns car, is entitled to recoup damages for seller's fraudulent representations.

Case-made from Oceana; Pugsley (Earl C.), J. Submitted January 6, 1931. (Docket No. 17, Calendar No. 35,330.) Decided February 27, 1931.

Assumpsit in justice's court by Burt O. Kelly against Ben Lofts on a promissory note given in payment for an automobile. Plaintiff appealed to circuit court from judgment for insufficient amount. Judgment for defendant on plea for recoupment is reviewed by plaintiff by case-made. Affirmed.

*Hinds & Kelly,* for plaintiff.

*F. E. Wetmore,* for defendant.

BUTZEL, C. J. Plaintiff, an automobile dealer, in order to sell defendant a used car, took him for a demonstration ride. After the car had proceeded but a short distance, it began to emit steam. Plaintiff told defendant that this was caused by the neglect of his employees to put water into the radiator.

Defendant claims that plaintiff also assured him that the car was in good condition and that, relying upon this representation, he purchased the car on July 12, 1929. He paid for it by turning over to plaintiff an old car, the sum of $25 in cash, and his note for $328, payable in monthly installments of $20.50 each.

Almost immediately after the purchase, defendant found that the car continued to steam, and particularly so when it was driven rapidly or for any distance. Defendant thereupon complained to plaintiff, who stated that all the car needed was another block, which he would secure if defendant would pay the cost of installation. After a delay which ran until the beginning of September, a block was put in, but the car still would go only a short distance without steaming up. According to defendant's testimony, plaintiff again assured him that the car would be all right. Shortly after the block was installed, defendant made two payments amounting to $41. He claims, however, that he continued to have the same difficulty with the car, and that it was practically worthless. Finally the end of November, he towed it over to plaintiff's place of business, but made no demand for the return of the old car he had traded in. The following spring plaintiff sued defendant on the note in the justice's court. An appeal was taken to the circuit court, where defendant filed a plea in which he claimed there was failure of consideration. He also asked for a judgment of $66 in recoupment for the cash paid to plaintiff. The plea is quite crude and anomalous and does give some justification to plaintiff's claim that there was an attempted rescission which defendant may be precluded from asserting, on account of hav-

ing made payments after the fraud was ascertained. It is unnecessary to determine this question. The trial court found, as the attorneys for both parties claim, that there was no rescission because defendant kept the certificate of title to the car. The legal ownership of the car could not be returned to plaintiff without a proper transfer of certificate of title. 1 Comp. Laws 1929, § 4660; *Endres* v. *Mara-Rickenbacker Co.*, 243 Mich. 5.

As there was no rescission according to the findings of the trial court, defendant was entitled to show his damages on account of plaintiff's fraudulent representation. The jury found that defendant still owned the car. It awarded him $66 on his plea in recoupment. This judgment is affirmed, with costs.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.