McGHEE v DEPARTMENT OF STATE POLICE

Docket No. 112610. Submitted February 6, 1990, at Detroit. Decided July 3, 1990. Leave to appeal applied for.

Lance and Darneece McGhee brought an action in the Wayne Circuit Court, Susan D. Borman, J., against the Department of State Police and Michigan State Police Troopers David Liggons and Audrey Gunter seeking damages for injuries sustained by Lance McGhee, a Detroit police officer, when a car being pursued by the troopers collided with his police vehicle while he was attempting to provide the troopers additional support. The court granted defendants summary disposition holding that plaintiffs were banned from bringing suit by the "fireman's rule." Plaintiffs appealed.

The Court of Appeals *held:*

Plaintiffs are barred by the fireman's rule from maintaining an action against defendants.

Affirmed.

NEGLIGENCE — POLICE OFFICERS — DAMAGES — FIREMAN'S RULE.

A police officer's injury resulting from a high-speed vehicle chase constitutes a foreseeable occurrence stemming from the performance of the officer's duties; claims for such an injury which results from risks and hazards inherent in police work are barred by the "fireman's rule."

*Meklir, Schreier, Nolish & Friedman, P.C.* (by *Samuel A. Meklir* and *Jay B. Schreier*), for plaintiffs.

*Finney & Lewis, P.C.* (by *George R. Lewis*), for defendants.

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability § 474.

See the Index to Annotations under Fireman's Rule; Governmental Immunity or Privilege; Police and Law Enforcement Officers.

Before: Danhof, C.J., and Brennan and G. S. Allen,* JJ.

Per Curiam. Plaintiffs appeal as of right from a Wayne Circuit Court order granting defendants' motion for summary disposition. MCR 2.116(C)(8). We affirm.

On November 3, 1986, Lance McGhee, an on-duty Detroit police officer, was injured as the result of a head-on collision with a car driven by Tuwain Jackson. At the time of the collision, Jackson was speeding in an attempt to elude pursuit by a Michigan State Police vehicle driven by defendant Audrey Gunter. Gunter and her partner, David Liggons, initiated the high-speed chase after Jackson failed to pull over upon request. McGhee and his partner were in the vicinity and heard a general broadcast that the Michigan State Police were involved in a chase. Mc-Ghee, driving a fully marked police car, proceeded in the general area of the chase to provide additional support. McGhee proceeded towards Jackson's vehicle with his lights and sirens activated. Jackson crossed the center line and crashed head-on into McGhee's vehicle.

Plaintiffs brought suit against defendants, the Department of State Police and the two individual troopers, claiming that the defendant troopers negligently began and continued a vehicle chase that resulted in injury to Officer McGhee. The circuit court held that plaintiffs were banned from bringing suit by the "fireman's rule" adopted by the Michigan Supreme Court in *Kreski v Modern Wholesale Electric Supply Co,* 429 Mich 347; 415 NW2d 178 (1987).

In granting defendants' motion for summary

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

disposition, the circuit court failed to indicate the particular subrule under which it was proceeding. It is apparent, however, from the focus of the parties' counsel and of the court on the significance of the *Kreski* opinion, as well as from the lack of focus on any disputed factual issues, that the order was issued pursuant to MCR 2.116(C)(8). Accordingly, this Court is only concerned with the sufficiency of the pleadings. *Formall, Inc v Community Nat'l Bank of Pontiac*, 166 Mich App 772, 777; 421 NW2d 289 (1988). All factual allegations in support of plaintiffs' claim must be accepted as true, as well as all inferences which can be fairly drawn from those facts. *Hill v Adler's Food Town, Inc*, 180 Mich App 495, 497-498; 447 NW2d 797 (1989). Defendants' motion should be granted only when the claim is clearly unenforceable as a matter of law and no factual development could possibly justify relief. *Scameheorn v Bucks*, 167 Mich App 302, 306; 421 NW2d 918 (1988), lv den 430 Mich 886 (1988).

On appeal, plaintiffs claim that the trial court erred in finding that the fireman's rule precluded liability. We disagree.

In *Kreski*, 372, our Supreme Court defined the rule as follows:

> [A]s a matter of public policy, we hold that fire fighters or police officers may not recover for injuries occasioned by the negligence which caused their presence on the premises in their professional capacities. This includes injuries arising from the normal, inherent, and foreseeable risks of the chosen profession.

We find that a police officer's injury resulting from a high-speed chase constitutes a foreseeable occurrence stemming from the performance of the

officer's police duties. Officer McGhee's injuries were the result of risks and hazards inherent in police work, specifically taking part in a high-speed chase, and thus any claims arising as a result thereof are barred by the fireman's rule.

We are not persuaded by plaintiffs' argument that the rule does not apply because Officer Mc-Ghee was injured on a public street. We acknowledge that one of the Supreme Court's primary policy reasons for adopting the rule was that it would be an unreasonable burden on landowners to require them to prepare for the unanticipated arrival of police and fire fighters. *Kreski,* 368-369. However, the Court also held that the rule should not be limited to the landowner/occupier context and that it extended to negligence which caused the need for the presence of the police officers or fire fighters. *Kreski,* 374-377. See also *Rozenboom v Proper,* 177 Mich App 49, 55; 441 NW2d 11 (1989). Accordingly, we hold that plaintiffs are barred by the fireman's rule from maintaining an action against defendants and affirm the summary disposition.

Affirmed.