STEHLIK v JOHNSON (ON REHEARING)

Docket No. 153523. Submitted June 4, 1993, at Detroit. Decided March 7, 1994, at 9:25 a.m. Submitted on rehearing April 19, 1994. Decided on rehearing July 5, 1994, at 9:00 A.M. Leave to appeal sought.

Earl and Betty Stehlik brought an action in the Wayne Circuit Court against Andrew F. Johnson and Papoos Electric, Inc., seeking damages arising out of the injuries suffered by Earl Stehlik, a Detroit police officer, when the motorcycle he was riding collided with a vehicle owned by Papoos and driven by Johnson. The accident occurred as Stehlik returned from the 36th District Court, where he had appeared as part of his duties as a police officer, to his assigned precinct, where he was to undertake traffic patrol. The court, John H. Gillis, Jr., J., granted summary disposition for the defendants, ruling that the action was barred by the so-called fireman's rule. The plaintiffs appealed. The Court of Appeals, MURPHY and JANSEN, JJ. (WEAVER, P.J., dissenting), reversed, holding that the fireman's rule was not applicable, because the injury arose neither from the negligence that created the officer's presence nor from the performance of a police function. 204 Mich App 53 (1994). The defendants moved for a rehearing, which was granted.

On rehearing, the Court of Appeals *held:*

The fireman's rule bars recovery by a policeman for those injuries suffered by the officer as a result of the negligence causing the officer's presence or for those injuries stemming from the normal risks of the officer's profession. Because the officer's deposition testimony establishes that, at the time of the accident, he was in his assigned patrol area, and thus could be considered to be on duty, and because a traffic accident is an inherent risk associated with traffic enforcement, his injuries arose out of the normal risks of his duties as a traffic enforcement officer. Accordingly, the fireman's rule is applicable under these circumstances, and the trial court did not err in granting summary disposition for the defendants.

Affirmed.

MURPHY, J., dissenting, stated that the trial court erred in granting summary disposition for the defendants under these circumstances, because the injury did not occur as a result of

the officer's performance of a police function and, even if the officer was engaged in a police function at the time of the accident, this case does not present the type of risk contemplated by the fireman's rule.

*Chambers Steiner* (by *Michelle J. Harrison*), for the plaintiffs.

*Grier & Copeland, P.C.* (by *Benjamin N. Grier*), for the defendants.

ON REHEARING

Before: WEAVER, P.J., and MURPHY and JANSEN, JJ.

JANSEN, J. This case is before us on rehearing. We originally reversed the circuit court's order granting defendants' motion for summary disposition. *Stehlik v Johnson,* 204 Mich App 53; 514 NW2d 508 (1994) (WEAVER, P.J., dissenting). Defendants argue in their motion for rehearing that our original opinion, in considering the circumstances of this case, applied the fireman's rule too narrowly. Upon further review, we affirm the trial court's grant of summary disposition.

Plaintiff Earl Stehlik, a Detroit police officer, was injured in a traffic accident on August 2, 1990, when the police department motorcycle he was riding collided with a van owned by defendant Papoos Electric, Inc., and driven by defendant Andrew Johnson. The accident occurred at approximately 3:00 P.M. on westbound Holbrook near the intersection of Delmar in the City of Detroit. On the day of the accident, plaintiff appeared in the 36th District Court at 9:00 A.M., as part of his police duties, and remained there until the afternoon. Plaintiff stated that his normal shift hours were from 11:00 A.M. to 7:00 P.M., but contends

that he was "en route" to his patrol area and was not on patrol at the time of the accident. Upon further review, we now find that plaintiff's contention in this regard is not supported by the facts and that the fireman's rule precludes his claim.

Defendants moved for summary disposition pursuant to MCR 2.116(C)(8) and (10), arguing that the fireman's rule barred plaintiffs' claims of negligence and loss of consortium. The trial court agreed and granted the motion for summary disposition. We now affirm.

Summary disposition is reviewed de novo, because this Court must review the record to determine whether the moving party was entitled to judgment as a matter of law. *Michigan Mutual Ins Co v Dowell,* 204 Mich App 81, 86; 514 NW2d 185 (1994). MCR 2.116(C)(8) permits summary disposition when the opposing party has failed to state a claim upon which relief can be granted. A motion under this subsection determines whether the opposing party's pleadings allege a prima facie case. The court must accept as true all well-pleaded facts. Only if the allegations fail to state a legal claim is summary disposition pursuant to MCR 2.116(C)(8) valid. *Radtke v Everett,* 442 Mich 368, 373-374; 501 NW2d 155 (1993). A motion pursuant to MCR 2.116(C)(10) tests the factual basis underlying a plaintiff's claim. MCR 2.116(C)(10) permits summary disposition when, except for the amount of damages, there is no genuine issue concerning any material fact and the moving party is entitled to damages as a matter of law. A court reviewing such a motion must consider the pleadings, affidavits, depositions, admissions, and any other evidence in favor of the opposing party and grant the benefit of any reasonable doubt to the opposing party. *Radtke,* p 374.

The fireman's rule is a common-law doctrine

that prohibits police officers and fire fighters from recovering damages from a private party for negligence in the creation of the reason for the safety officer's presence. *Kreski v Modern Wholesale Electric Supply Co,* 429 Mich 347, 358; 415 NW2d 178 (1987). The Supreme Court adopted the rule on the basis of public policy considerations. *Id.,* p 370. In so doing, the Supreme Court stated that the foundational policy rationale is that the purpose of the public safety profession is to confront danger and the public should not be liable for damages for injuries occurring in the performance of the function that police officers and fire fighters are intended to fulfill. *Id.,* p 368. Therefore, as a matter of public policy, police officers or fire fighters may not recover for injuries created by the negligence that caused their presence on the premises in their professional capacities. The scope of this rule includes those risks inherent in fulfilling the police or fire-fighting duties. *Id.,* p 372.

In *Woods v City of Warren,* 439 Mich 186, 190; 482 NW2d 696 (1992), the Supreme Court held that the fireman's rule prevents police officers and fire fighters from recovering for injuries sustained in the course of duty. The Court went on to state that the analytical focus must be on whether the injury stems directly from an officer's police functions. If the circumstances indicate that it does, then the fireman's rule applies. If the circumstances indicate otherwise, then it likely does not apply. *Id.,* p 193. The Court in *Woods* summarized the fireman's rule as barring recovery for two types of injury: those deriving from the negligence causing the safety officer's presence and those stemming from the normal risks of the safety officer's profession. *Id.,* p 196.

In this case, we believe that the second prong of the fireman's rule bars plaintiff's claim. Plaintiff

was assigned to traffic enforcement in the Thirteenth Precinct. His duties were to patrol the entire Thirteenth Precinct area for traffic violations. His duties also included appearing in the 36th District Court on alternate Thursdays regarding citations he issued. He rode the only police motorcycle in his precinct. At the time of the accident, he had left the 36th District Court, and he stated at his deposition that it was not necessary for him to check into the police station. Plaintiff was in the Thirteenth Precinct, the area that he patrolled, at the time of the accident. Thus, the totality of the circumstances suggest, contrary to plaintiff's claim, that he was on duty and in his patrol area at the time of the accident. Plaintiff could not have been en route to his patrol area when he was in the very precinct to which he was assigned.

We find that the risk of a traffic accident is inherent in fulfilling the duties of a police officer, such as plaintiff, assigned to traffic enforcement. Therefore, the circumstances of this case indicate that plaintiff's injury stemmed directly from his duty as a traffic enforcement officer. *Id.,* pp 193-194. Plaintiff's claim is barred by the fireman's rule.

We recognize that the scope of the rule does not include all risks encountered by a safety officer, nor is the rule a license to act without regard for the well-being of the safety officer. *Kreski, supra,* p 372. The circumstances of this case, however, are that plaintiff was a traffic enforcement officer assigned to patrol the area in which he was hit and the accident occurred during his normal job hours. While it is true that this case does not involve injury during a high-speed chase (a classic police function), thereby invoking application of the fireman's rule, *Woods, supra,* p 192; *McGhee v Dep't*

*of State Police,* 184 Mich App 484, 486-487; 459 NW2d 67 (1990), the starting point is to consider the kind of duty involved, and it was plaintiff's duty to patrol the Thirteenth Precinct on his police motorcycle for traffic violations. Therefore, although a safety officer may be able to recover for injuries suffered while merely on patrol under other circumstances, see *Woods, supra,* p 192, the circumstances of this case indicate that the injury stemmed directly from this officer's police functions. *Id.,* p 193.

Accordingly, the fireman's rule applies to the circumstances of this case where plaintiff, a traffic enforcement officer while on his police motorcycle during his normal work hours, was involved in an automobile accident in the precinct in which he patrolled. The risk of being involved in a traffic accident is a risk inherent in the duties of a traffic enforcement police officer. The trial court did not err in granting defendants' motion for summary disposition.

Affirmed.

WEAVER, P.J., concurred.

MURPHY, J. *(dissenting).* I would reverse the circuit court's order granting defendants' motion for summary disposition for the reasons stated in the previous majority opinion in this case. *Stehlik v Johnson,* 204 Mich App 53; 514 NW2d 508 (1994). I further question whether driving upon the public highway in a normal fashion, even if it could be concluded that the officer was on patrol, is the type of risk contemplated by the fireman's rule so as to bar recovery for a police officer injured by a negligent driver. See *Woods v City of Warren,* 439 Mich 186, 192; 482 NW2d 696 (1992).