STOTT v WAYNE COUNTY

DICKERSON v WAYNE COUNTY

Docket Nos. 181866, 188990. Submitted February 5, 1997, at Detroit. Decided July 8, 1997, at 9:25 A.M.

Patrick and Vicky Stott brought an action in the Wayne Circuit Court against Wayne County and others, seeking damages for injuries sustained by Patrick Stott, a deputy sheriff assigned to guard prisoners at the old Wayne County Jail, when an inmate smuggled a loaded gun into the jail and took Patrick Stott hostage. The plaintiffs alleged denial of due process rights, fraudulent concealment, intentional infliction of emotional distress, and a defect in a public building. The court, John H. Gillis, Jr., J., granted the defendants' motion for summary disposition on the basis that the fireman's rule barred the plaintiffs' claims. The plaintiffs appealed. (Docket No. 181866).

William Dickerson, a deputy sheriff assigned to guard prisoners at the old Wayne County Jail, was shot and killed in the same incident in which Patrick Stott was injured. Lalla Dickerson, as personal representative of the estate of William Dickerson, deceased, brought an action in the Wayne Circuit Court against Wayne County and others, seeking damages for wrongful death and alleging that the defendants committed acts that constituted gross negligence, wanton and wilful misconduct, intentional torts, statutory violations, and that the county operated a defective public building. The trial court, John H. Gillis, Jr., J., granted the defendants' motion for summary disposition on the basis that the fireman's rule barred the plaintiff's claims. The plaintiff appealed. (Docket No. 188990). The appeals were consolidated.

The Court of Appeals *held*:

The facts of the cases support the trial court's application of the fireman's rule.

1. The injuries in these cases occurred while Patrick Stott and William Dickerson were performing a fundamental function of safety officers assigned jail guard duties: preventing the escape of an inmate and securing the facility. Their injuries were directly related to the performance of their duties.

2. The fact that the plaintiffs alleged that the defendants intentionally failed to follow statutorily authorized rules and regulations promulgated by the Department of Corrections for the maintenance of jails does not convert their claims of negligence into claims of intentional tort.

3. Patrick Stott and William Dickerson were involved in a matter of public safety in thwarting the escape attempt. Preventing an escape was an inherent risk of their public safety function. The claims were barred by the application of the fireman's rule.

Affirmed.

1. NEGLIGENCE — PUBLIC SAFETY OFFICERS — DAMAGES.

The "fireman's rule" prevents police officers and fire fighters from recovering for injuries sustained in the course of duty; the scope of the rule encompasses both injuries resulting from the negligence that caused the incident requiring a public safety officer's presence and injuries resulting from those risks inherent in fulfilling police or fire-fighting duties.

2 PRISONS AND PRISONERS — JAIL GUARDS — FUNDAMENTAL FUNCTIONS.

A fundamental function of safety officers assigned to jail guard duty is preventing the escape of the inmates and securing the facility; thwarting an escape attempt involves a matter of public safety and is an inherent risk of a guard's public safety function.

3. TORTS — NEGLIGENCE — INTENTIONAL TORTS — PLEADING.

The mere fact that a plaintiff alleges that a defendant intentionally failed to take appropriate action does not convert a claim from one of negligence into one of intentional tort.

4. NEGLIGENCE — WILFUL AND WANTON MISCONDUCT.

Wilful and wanton misconduct is made out only if the conduct alleged shows an intent to harm or, if not that, such indifference to whether harm will result as to be the equivalent of a willingness that it does.

5. TORTS — ACTS OF OMISSION — INTENTIONAL TORTS.

Acts of omission generally are not intentional torts.

*Steinberg, O'Connor, Paton, Burns & Handy, P.L.L.C.* (by *Doyle O'Connor*), for Patrick and Vicky Stott.

*Mark Granzotto*, for Lalla Dickerson, personal representative of the estate of William Dickerson, deceased.

*Jennifer M. Granholm*, Corporation Counsel, and *Ellen E. Mason*, Assistant Corporation Counsel, for the defendants.

Amicus Curiae:

*William J. Johnson*, for the National Law Enforcement Officers Rights Center.

Before: WAHLS, P.J., and GAGE and W. J. NYKAMP[*], JJ.

PER CURIAM. In these consolidated appeals, plaintiffs appeal as of right from orders granting summary disposition to defendants. The circuit court ruled that both cases were barred by the fireman's rule. We affirm.

Patrick Stott and William Dickerson were deputy sheriffs assigned to guard prisoners at the old Wayne County Jail. In 1991, an inmate smuggled a loaded gun into the jail through an open window. The inmate used the gun to take Stott hostage and to shoot and kill Dickerson. Stott succeeded in disarming the inmate and locking down the cellblock. In an action against Wayne County, Sheriff Robert Ficano, and Lieutenant Michael Sheldon, who was in charge of security at the jail, Stott[1] alleged denial of his state and federal due process rights, fraudulent concealment, intentional infliction of emotional distress, and

---

[*] Circuit judge, sitting on the Court of Appeals by assignment.

[1] Vicky Stott, Patrick Stott's wife, is also a plaintiff. Because her claim is derivative and dependent on Patrick Stott's claim, and to avoid confusion, we will refer only to plaintiff Patrick Stott.

defect in a public building.[2] The personal representative of Dickerson's estate alleged that defendants committed acts that constituted gross negligence, wanton and wilful misconduct, intentional torts, and statutory violations, and that the county operated a defective public building.

Defendants moved for summary disposition of Stott's complaint on the grounds that the fireman's rule barred his claims, they were entitled to governmental immunity, Stott failed to plead a cognizable constitutional violation, worker's compensation barred Stott's claims, intentional infliction of emotional distress is not a recognized tort in Michigan, and Stott failed to properly plead a defective public building claim. The circuit court granted defendants' motion for summary disposition of Stott's complaint solely on the basis that the fireman's rule barred Stott's claims.

Defendants sought summary disposition of the complaint by the personal representative of Dickerson's estate on the grounds that the fireman's rule barred the claim, defendants were entitled to governmental immunity, plaintiff failed to plead cognizable claims of state constitutional violations and public building defect, and plaintiff's claims were barred by worker's compensation. The circuit court granted defendants' motion, apparently also on the basis of the fireman's rule.[3]

---

[2] The parties do not dispute that Stott was disabled as a result of the incident. Defendants note that Stott is receiving worker's compensation benefits as a result of his injury.

[3] Apparently, no transcripts are available of the proceeding. However, in ruling on defendants' motion in the Stott case, the circuit court stated that it was making the same ruling that it did in the Dickerson case: that plaintiff's claims were barred by the fireman's rule.

Although defendants brought their motion for summary disposition against Stott pursuant to MCR 2.116(C)(8) and (C)(10) and their motion for summary disposition against the personal representative of Dickerson's estate pursuant to MCR 2.116(C)(7) and (C)(8), the circuit court granted the motions solely on the basis that plaintiffs' claims were barred by the fireman's rule. Therefore, we analyze the appropriateness of the grants of summary disposition under MCR 2.116(C)(8). *Woods v City of Warren*, 439 Mich 186, 190, n 2; 482 NW2d 696 (1992).

A motion for summary disposition brought under MCR 2.116(C)(8) tests the legal sufficiency of a claim and is reviewed de novo. *Stehlik v Johnson (On Rehearing)*, 206 Mich App 83, 85; 520 NW2d 633 (1994). When reviewing a motion decided under MCR 2.116(C)(8), this Court accepts as true all factual allegations and any reasonable inferences drawn from them in support of the claim. *Id.* Summary disposition for failure to state a claim should be upheld only when the claim is so clearly unenforceable as a matter of law that no factual development could establish the claim and thus justify recovery. *Id.*

We find that the facts in the present cases support the trial court's application of the fireman's rule. Our Supreme Court adopted the common-law rule as a matter of public policy in *Kreski v Modern Wholesale Electric Supply Co*, 429 Mich 347; 415 NW2d 178 (1987), and further explained its proper application in *Woods, supra*. The rule "prevents police officers and fire fighters from recovering for injuries sustained in the course of duty." *Woods, supra* at 190. The rule's scope encompasses both injuries resulting from the negligence that caused the incident requiring a public

safety officer's presence and injuries resulting from those risks inherent in fulfilling the police or fire-fighting duties. *Id.* at 195.

The public policy rationale behind the fireman's rule is that persons in the public safety professions necessarily face dangerous situations, and the public should not be liable for injuries that occur in the performance of the very function public safety officers are intended to fulfill. *Kreski, supra* at 368; *Roberts v Vaughn,* 214 Mich App 625, 627; 543 NW2d 79 (1995). As a protection for these public safety officers and their families, worker's compensation benefits are available to those who are injured in the course of their employment. *Kreski, supra* at 369. The costs and risks of their services, therefore, are shared by the public as a whole. *Id.*

In *Woods,* the plaintiff was a Center Line police officer who was injured in a high-speed chase when his car skidded in an icy intersection and crashed into an unoccupied house. The Supreme Court found that the fireman's rule barred his suit against the City of Warren because Officer Woods' injury "clearly stems from the performance of a fundamental police function. In such circumstances, the fireman's rule 'foundational policy rationale' applies . . . ," and Woods' suit was properly dismissed. *Woods, supra* at 192. In determining whether the rule should be applied, "the analytical focus must be on whether the injury stems directly from an officer's police functions. If the circumstances indicate that it does, the fireman's rule applies." *Id.* at 193.

We believe this rationale equally applies to the suits of Stott and the personal representative of Dickerson's estate. Stott was injured and Dickerson was

killed while performing a fundamental function of safety officers assigned jail guard duties: preventing the escape of an inmate and securing the facility. As such, their injuries were "directly related to performance of their duties." *Id.* at 191. The public policy rationale of the fireman's rule thus applies, and the circuit court appropriately granted summary disposition to defendants.

Plaintiffs present several arguments to support their contention that their cases should not be barred by the fireman's rule. First, they argue that the rule should not apply to unarmed officers guarding inmates at a county jail. As we have stated, we believe that the function Stott and Dickerson were performing, preventing the escape of an inmate, is a fundamental function of a public safety officer, a duty the public paid and trained these officers to fulfill. This argument, therefore, is not persuasive.

Next, plaintiffs argue that the fireman's rule does not preclude suits for intentional torts. Plaintiffs cite *McAtee v Guthrie*, 182 Mich App 215; 451 NW2d 551 (1989), in which a panel of this Court held that the fireman's rule did not preclude a police officer's suit against an individual who had assaulted the officer while resisting arrest. The panel found that the defendant's conduct was "wilful and wanton, if not intentional," and he "should not be permitted to receive the benefit of the fireman's rule to shield him from civil liability for his actions." *Id.* at 220. Similarly, in *Wilde v Gilland*, 189 Mich App 553; 473 NW2d 718 (1991), the plaintiff police officer sued for injuries he received while pursuing the defendant, who was resisting arrest. This Court determined that " 'the public policy underlying the "fireman's rule"

simply does not extend to intentional abuse directed specifically at a police officer.'" *Id.* at 555 (citation omitted). However, these opinions are not dispositive in the present suits because in each the defendants were the individuals directly responsible for the officers' injuries. We do not believe that these cases stand for the proposition that a public employer or its officials can be sued for the actions of a third party, in the present case the jail inmate attempting to escape.

Plaintiffs further argue that the fireman's rule should not bar their suits because of defendants' intentional misconduct in their maintenance of the jail. However, the mere fact that plaintiffs allege that defendants intentionally failed to follow statutorily authorized rules and regulations promulgated by the Department of Corrections for the maintenance of jails does not convert their claims of negligence into claims of intentional torts. See *Hill v Saginaw*, 155 Mich App 161, 170; 399 NW2d 398 (1986). Moreover, wilful and wanton misconduct is made out only if the conduct alleged shows an intent to harm or, if not that, such indifference to whether harm will result as to be the equivalent of a willingness that it does. *Id.* Generally, where the act complained of is one of omission rather than commission, it is not an intentional tort. *Id.*

Finally, plaintiffs argue that defendants are not the individual, citizen taxpayers whom the fireman's rule was intended to protect from liability. They contend that the fireman's rule is necessarily based on a relationship between a public safety officer and the public, and no such relationship existed in the present case. We disagree. As jail guards thwarting an escape

attempt, Stott and Dickerson were necessarily involved in a matter of public safety. Moreover, preventing an escape was an inherent risk of their public safety function. Their claims against defendants are, therefore, barred by the application of the fireman's rule.

Because we affirm the trial court's grants of summary disposition to defendants, we do not need to address defendants' issues in their cross appeal.

Affirmed. No taxable costs pursuant to MCR 7.219, because the appeals involve a question of public policy.