*In re* GOLDMAN ESTATE
SANDWEISS v NATIONAL BANK OF DETROIT

Docket No. 205878. Submitted March 10, 1999, at Detroit. Decided July 9, 1999, at 9:05 A.M.

Gail Goldman Sandweiss and others filed a petition in the Oakland County Probate Court seeking a full accounting from National Bank of Detroit as successor trustee of the Alfred H. Goldman Marital Trust and to surcharge the respondent bank for breaching its fiduciary duties relative to the marital trust. The court, Wendy L. Potts, J., granted summary disposition in favor of the respondent. The petitioners appealed.

The Court of Appeals *held*:

1. The petitioners failed to state a cause of action against the respondent for its participation in the alleged breaches of fiduciary duty by the original trustee of the marital trust, Barry A. Goldman, resulting from his alleged wrongful distribution of the trust's assets. The petitioners did not allege that the respondent participated in an enterprise or conspiracy with Goldman to transfer all the assets from the trust in violation of Goldman's fiduciary duties. The respondent's alleged actions in this case did not constitute participation in a conspiracy or enterprise. The respondent took no affirmative steps to assist Goldman in allegedly violating his fiduciary duties and did not profit from the violation. The petitioners failed to allege facts from which the Court of Appeals might reasonably infer that the respondent knowingly participated in Goldman's alleged breach of fiduciary duty.

2. The respondent had no duty to file an accounting because it was not a trustee of the marital trust. The court properly denied the petitioners' request for an accounting for the marital trust.

Affirmed.

1. TRUSTS — BREACH OF FIDUCIARY DUTY — THIRD PERSONS.

Where a person in a fiduciary relation to another violates the person's duty as fiduciary, a third person who participates in the violation of duty is also liable to the beneficiary; the third person is chargeable as a constructive trustee of any profit the third person makes through such participation.

2. TRUSTS — BREACH OF FIDUCIARY DUTY — THIRD PERSONS.

   One who knowingly joins a fiduciary in an enterprise where the personal interest of the fiduciary is or may be antagonistic to the fiduciary's trust becomes jointly and severally liable with the fiduciary for the profits of the enterprise.

*Hoops, Hoops & Hoops, P.L.C.* (by *Frederick K. Hoops, Frederick H. Hoops, III,* and *Daniel S. Hoops*), for the petitioners.

*Thomas G. Peck* and *Henry J. Shymanski,* for the respondent.

Before: DOCTOROFF, P.J., and SMOLENSKI and WHITBECK, JJ.

PER CURIAM. Petitioners appeal as of right from the probate court's order granting respondent's motion for summary disposition pursuant to MCR 2.116(C)(8). We affirm.

Petitioners filed a petition to require a full accounting from respondent as the successor trustee of the Alfred H. Goldman Marital Trust and to surcharge respondent for breaching its fiduciary duties relative to the marital trust. The probate court's order set forth the following succinct history of this case:

> Alfred H. Goldman died on October 17, 1970. Surviving him were his wife, Francis [sic] Goldman [Abelcop] and a son, Barry A. Goldman. The decedent's Last Will and Testament established two separate Trusts; a Marital Trust and a Family Trust. Only the Marital Trust is at issue in this case.
>
> When Alfred H. Goldman died, Barry A. Goldman became the Trustee of the Marital Trust. The terms of the Marital Trust provided that the income generated by the Trust be distributed to the decedent's surviving spouse during her lifetime but gave the Trustee, Barry A. Goldman the discretion to invade principal if necessary for the accustomed standard of living of the spouse. The Will also gave the sur-

viving spouse the power to appoint the remainder of the Marital Trust by Will and if she failed to do so, the remainder went to the Family Trust.

Barry A. Goldman died in 1975. Since Barry A. Goldman was the beneficiary of the Family Trust, the funds in the Family Trust were to pass to Barry A. Goldman's estate and distributed in accordance with his Last Will and Testament. The surviving spouse of Alfred H. Goldman died on December 6, 1993 without exercising her power of appointment under the Marital Trust. . . .

According to the Petitioners, sometime in the early 1970's, Barry Goldman distributed all of the assets of the Marital Trust to Alfred Goldman's surviving spouse. Francis Goldman in turn created a new Trust naming Barry Goldman and NBD Bank as Co-Trustees. The Petitioners contend that this Trust was funded with the assets of the Marital Trust and that the new Trust enabled the surviving spouse to withdraw all of its assets in violation of the terms of the Marital Trust.

The gist of petitioners' claim against respondent is set forth in ¶¶ 9, 10, and 15 of their petition, which stated:

9. . . . NBD Bank knew, or should have known, the circumstances of Barry A. Goldman's wrongful withdrawal of the Marital Trust assets, when he withdrew and placed them in his and NBD Bank's hands as trustees of Francis [sic] Abelcop's revocable trust, at the time when it accepted the appointment as co-trustee, as seen by the fact that it had a copy of the Decedent's Will in its possession.

10. Thereafter, NBD Bank and Barry A. Goldman wrongfully permitted another transfer of all of the Marital Trust assets from the new trust when it allowed them again to be transferred to a similar revocable trust created by Frances Goldman Abelcop, but this time with Barry A. Goldman as the sole trustee. . . .

\*     \*     \*

15. NBD Bank breached its fiduciary duties as it accepted assets from Barry A. Goldman, which he then held as trustee, knowing that he was breaching his fiduciary duties to the beneficiaries by improperly distributing the assets of the Marital Trust to NBD Bank and himself as co-trustees and then NBD Bank compounded its wrong by improperly redistributing the assets to Barry A. Goldman himself [sic] to the Frances Goldman Abelcop revocable trust that had none of the protections established for the beneficiaries that existed in the Marital Trust in breach of its fiduciary duties. After the foregoing assistance to Barry A. Goldman in breaching his fiduciary duties, among other improper actions, NBD Bank breached its own fiduciary duties by the following actions and inactions:

a. NBD Bank failed to assure that the Marital Trust created in Article FIFTH, Paragraph 1 of the Decedent's Will was administered in conformance therewith, which it was aware of because it had possession of the Decedent's Will at his death when it received the funds therefrom.

b. NBD Bank made improper distributions of principal to Frances Goldman Abelcop's unrestricted control under her revocable trust with Barry A. Goldman acting as the sole trustee thereof, when NBD Bank allowed itself to do so because it was obligated to let Frances Goldman Abelcop invade principal that rightfully was restricted by the Marital Trust, even though it was not necessary to allow her to maintain her accustomed standard of living under the terms of the distribution provisions applicable to the Marital Trust.

c. NBD Bank breached its fiduciary duties to the Petitioners-beneficiaries by failing to account properly to Petitioners for what happened to the principal and income of the Marital Trust to Petitioners at any time after it became involved as co-trustee of the assets of the Marital Trust.

d. NBD Bank failed to assure that the principal and undistributed income of the Marital Trust were paid over to Petitioners-beneficiaries at the time of Frances Goldman Abelcop's death.

·

First, petitioners contend that their petition stated a cause of action against respondent for its participation in the trustee's breaches of fiduciary duty in the wrongful distribution of the marital trust assets. We disagree. A trial court's grant of summary disposition is reviewed de novo on appeal. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). A motion for summary disposition pursuant to MCR 2.116(C)(8) is properly granted when a claim is legally insufficient on the pleadings because the plaintiff has not stated a claim on which relief may be granted. *Id.* The claim must be tested on the pleadings alone and must be so clearly unenforceable that no possible factual development could justify recovery. *Simko v Blake*, 448 Mich 648, 654; 532 NW2d 842 (1995). All factual allegations in the complaint, as well as reasonable inferences from those facts, must be accepted as true. *Stott v Wayne Co*, 224 Mich App 422, 426; 569 NW2d 633 (1997).

Under the legal theory proposed by petitioners, respondent is liable to them for damages because it participated in Barry Goldman's breach of his fiduciary duty as trustee of the marital trust. Third parties that profit from a fiduciary's breach can be liable under certain circumstances as set forth in 3 Scott on Trusts, p 2429, § 506, quoted with approval in *L A Young Spring & Wire Corp v Falls*, 307 Mich 69, 106; 11 NW2d 329 (1943):

> "Liabilities of third persons. Where a person in a fiduciary relation to another violates his duty as fiduciary, a third person who participates in the violation of duty is liable to the beneficiary. If the third person makes a profit through such participation, he is chargeable as constructive trustee of the profit so made."

In *L A Young Spring & Wire*, General Motors executives and an engineer conspired to cause General Motors to pay royalties on a patent to a third party, then took a share of the royalties for their efforts. *Id.* at 106-107. The third party was a willing and active participant in the conspiracy to defraud General Motors, and the Court therefore held him jointly and severally liable for all profit he received from his wrongdoing. *Id.* at 106. The Court, *id.*, also quoted *Irving Trust Co v Deutsch*, 73 F2d 121, 125 (CA 2, 1934), for the proposition that " '[o]ne who knowingly joins a fiduciary in an enterprise where the personal interest of the latter is or may be antagonistic to his trust becomes jointly and severally liable with him for the profits of the enterprise.' " Similarly, in *Hayes-Albion Corp v Kuberski*, 421 Mich 170, 187; 364 NW2d 609 (1984), our Supreme Court quoted both of the above passages and held that a third party that knowingly participated in the defendant's misappropriation of trade secrets from his employer was liable for both actual damages and unjust enrichment damages.

While the rules announced in *Hayes-Albion* and *L A Young Spring & Wire* could apply in the context of a third party that profited from knowingly participating in an enterprise or conspiracy by which a trustee breached his fiduciary duty to the beneficiaries of a trust, we agree with the probate court that petitioners have failed to set forth a cause of action against respondent in the present case. Petitioners did not allege that respondent participated in an enterprise or conspiracy with Barry Goldman to transfer the assets from the marital trust in violation of his fiduciary duties. Rather, petitioners alleged that respondent

knew or should have known the circumstances of Barry A. Goldman's wrongful withdrawal of the marital trust assets when it accepted the appointment as cotrustee of Frances Goldman's revocable trust, because respondent had a copy of Alfred Goldman's will in its possession. We conclude that respondent's alleged actions in the present case did not constitute participation in a conspiracy or enterprise similar to those that existed in *Hayes-Albion* and *L A Young Spring & Wire*. Unlike the defendants in *Hayes-Albion* and *L A Young Spring & Wire*, respondent took no affirmative steps to assist Barry Goldman in violating his fiduciary duties and did not profit from the violation. While petitioners alleged facts from which we might reasonably infer that Barry Goldman breached his fiduciary duty by violating the provisions of the marital trust, we conclude that petitioners failed to allege facts from which we might reasonably infer that respondent knowingly participated in his alleged breach of that fiduciary duty. Accordingly, we hold that the probate court properly granted respondent's motion for summary disposition.[1]

Finally, petitioners contend that the probate court erred in failing to require respondent to file an accounting for the marital trust. We disagree. While the courts will strictly enforce a trustee's duty to keep and render a full and accurate accounting of his trusteeship to the cestui que trust, *Raak v Raak*, 170 Mich App 786, 790; 428 NW2d 778 (1988); MCL 700.814; MSA 27.5814, we conclude that respondent had no

---

[1] Having concluded that petitioners failed to state a cause of action against respondent for its alleged participation in Goldman's breach of fiduciary duty, we find it unnecessary to address petitioners' second and third issues.

duty to file an accounting in the present case because it was not the trustee of the marital trust. Accordingly, we hold that the probate court properly granted respondent's motion for summary disposition.

Affirmed.