AUTO CLUB INSURANCE ASSOCIATION v SARATE

Docket No. 204893. Submitted December 9, 1998, at Detroit. Decided June
25, 1999, at 9:45 A.M.

Auto Club Insurance Association brought an action in the Oakland
Circuit Court against Mark T. Sarate, seeking a declaration whether
the plaintiff must pay no-fault personal protection insurance bene-
fits to the defendant. The defendant had collided with an automo-
bile insured by the plaintiff while he was riding a motorcycle he
had purchased from Ken Masta, who had delivered to the defend-
ant a certificate of title on which Joseph Wiegers' name as assignee
was covered with white-out correction fluid after a failed attempt
to sell the motorcycle to Wiegers. The court, Nanci J. Grant, J., on
the defendant's motion for summary disposition, rendered a declar-
atory judgment in favor of the defendant, ruling that transfer of
title from Masta to the defendant was not effectuated because of
the presence of white-out on the certificate of title, which bears an
instruction by the Secretary of State that title is void if any altera-
tions or erasures are made. The plaintiff appealed.

The Court of Appeals *held*:

1. The presence of the white-out on the title did not by itself
invalidate the transfer of title to the defendant. The Secretary of
State's instruction regarding alterations or erasures does not have
the force and effect of a rule. Subsection h of § 7 of the Adminis-
trative Procedures Act, MCL 24.207(h); MSA 3.560(107)(h), defines
"rule" to exclude a form with instructions, an interpretive state-
ment, a guideline, or other material that is merely explanatory.

2. Legal title to a motorcycle passes when the transferor delivers
the motorcycle and a properly assigned certificate of title to the
transferee. In this case, a factual dispute exists regarding when
Masta signed the certificate of title, thus requiring a remand for fur-
ther proceedings. If Masta signed the certificate of title before it
was delivered to Wiegers, then title would have remained with
Wiegers, and Masta could not have transferred legal title to the
defendant, given that there is no evidence that Wiegers complied
with the requirements of transfer when returning the document. If,
however, the certificate of title was not signed by Masta until it

was delivered to the defendant, then the transfer of legal title to the defendant was valid.

Reversed and remanded for further proceedings.

1. AUTOMOBILES — MOTORCYCLES — CERTIFICATES OF TITLE — ALTERATIONS OR ERASURES.

The instruction by the Secretary of State printed on certificate of title forms for motorcycles that title is void if any alterations or erasures are made does not, by itself, invalidate an altered or erased certificate of title; the instruction is not a rule under the Administrative Procedures Act, which excepts from its definition of "rule" a form with instructions, an interpretive statement, a guideline, or other material that is merely explanatory (MCL 24.207[h]; MSA 3.560[107][h]).

2. AUTOMOBILES — MOTORCYCLES — TRANSFERS OF TITLE.

Legal title to a motorcycle passes when the transferor delivers the motorcycle and a properly assigned certificate of title to the transferee (MCL 257.233; MSA 9.1933).

*Becker, Lanctot, McCutcheon, Schoolmaster, Taylor & Hom* (by *Jeffrey A. Oakes*) (*John A. Lydick*, of Counsel), for the plaintiff.

*John A. Zick*, for the defendant.

Before: HOLBROOK, JR., P.J., and O'CONNELL and WHITBECK, JJ.

PER CURIAM. Plaintiff brought an action seeking a declaratory judgment regarding whether it owed personal protection insurance benefits to defendant. The trial court granted defendant's motion pursuant to MCR 2.116(C)(10) and rendered a declaratory judgment in his favor. We reverse and remand.

In October 1996, defendant was driving a motorcycle that collided with an automobile covered by an insurance policy issued by plaintiff. Although defendant purchased and took possession of the motorcycle from Ken Masta several years before the accident, defendant never registered the vehicle or purchased

insurance for it. Before the sale of the motorcycle to defendant, Masta had attempted to sell the motorcycle to Joseph Wiegers. At the time, Wiegers wrote his name and address on the lines reserved for an assignee in interest. When the sale did not take place, Wiegers covered over this information with correction fluid (commonly and hereinafter referred to as "white-out"). Neither party disputes that the white-out is conspicuous and thus readily detectable.

This Court reviews decisions on motions for summary disposition de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998).

> A motion pursuant to MCR 2.116(C)(10) tests the factual basis underlying a plaintiff's claim. MCR 2.116(C)(10) permits summary disposition when, except for the amount of damages, there is no genuine issue concerning any material fact and the moving party is entitled to damages as a matter of law. A court reviewing such a motion must consider the pleadings, affidavits, depositions, admissions, and any other evidence in favor of the opposing party and grant the benefit of any reasonable doubt to the opposing party. [*Stehlik v Johnson (On Rehearing)*, 206 Mich App 83, 85; 520 NW2d 633 (1994).]

At the heart of this case is a disagreement over the effect that the white-out has on the purported transfer of title from Masta to defendant. Plaintiff argues that the trial court's grant of summary disposition to defendant was based on the erroneous conclusion that the presence of white-out on the certificate of title meant that the document could not be used to transfer title to defendant. Defendant disagrees, noting that just above the white-out on the certificate of title is the following instruction: "IF ANY ALTERATIONS OR ERASURES ARE MADE TITLE IS VOID" (emphasis in original).

Plaintiff counters that the instruction does not have any binding effect, and that it does not accurately reflect the law. We agree with plaintiff that the instruction has no binding effect.

The Administrative Procedures Act[1] defines a "rule" as follows:

> "Rule" means an agency regulation, statement, standard, policy, ruling, or instruction of general applicability that implements or applies law enforced or administered by the agency, or that prescribes the organization, procedure, or practice of the agency, including the amendment, suspension, or rescission of the law enforced or administered by the agency. [MCL 24.207; MSA 3.560(107).]

The definition also includes a number of exceptions, including the following:

> (h) *A form with instructions,* an interpretive statement, a guideline, . . . or other material that in itself does not have the force and effect of law but is merely explanatory. [*Id.* (emphasis added).]

Historically, the subsection 7(h) exception "has been narrowly construed and requires that the interpretive statement at issue be merely explanatory." *Detroit Base Coalition for the Human Rights of the Handicapped v Dep't of Social Services,* 431 Mich 172, 184; 428 NW2d 335 (1988). Accord *Clonlara, Inc v State Bd of Ed,* 442 Mich 230, 248-249; 501 NW2d 88 (1993).

We believe the instruction at issue falls within the subsection 7(h) exception and therefore does not have the force and effect of a rule. *Clonlara, supra* at 240. Instead, the instruction expresses a position the Secretary of State's office intends to follow as it car-

---

[1] 1969 PA 306, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.*

ries out its statutorily mandated responsibilities under the Michigan Vehicle Code.[2] See LeDuc, Michigan Administrative Law (1993), § 4:07, ch 4, p 13. The fact that the public normally will follow the interpretation does not mean that it is binding in and of itself. *Clonlara, supra* at 244. Such behavior is to be expected, " 'since the regulation provides a practical guide as to how the office representing the public interest in enforcing the law will apply it.' " *Id.*, quoting 1 Schwartz, Administrative Law (2d ed), § 4.6, p 159. Accordingly, we conclude that the presence of the white-out on the title did not by itself invalidate the transfer of title to defendant.

We now consider whether legal title was properly transferred to defendant. Legal title to a motorcycle passes when the transferor delivers the motorcycle and a properly assigned certificate of title to the transferee. MCL 257.233; MSA 9.1933; *Botsford General Hosp v Citizens Ins Co*, 195 Mich App 127, 132-133; 489 NW2d 137 (1992). The title remains "valid until canceled by the secretary of state for cause or upon transfer of an interest shown on the certificate of title." MCL 257.226(7); MSA 9.1926(7).

In this case, the evidence establishes that the certificate of title was delivered to defendant several years before the accident. There remains, however, a question with respect to when Masta signed the document. Wiegers states in his affidavit that Masta signed the document at the time of the attempted sale of the vehicle to Wiegers. Conversely, Masta denies that he signed the certificate of title at that time. Instead, Masta testified that he signed the document when he

---

[2] 1949 PA 300, MCL 257.1 *et seq.*; MSA 9.1801 *et seq.*

delivered it to defendant. If the certificate of title was indorsed before it was delivered to Wiegers, then, given that there is no evidence that Wiegers complied with the requirements of transfer when returning the document, legal title would have remained with Wiegers. Under these circumstances, Masta could not have transferred legal title to defendant. See *Kelly v Lofts*, 253 Mich 552, 554; 235 NW 250 (1931) (observing that "legal ownership of [a] . . . car could not be returned . . . without a proper transfer of certificate of title"). If, however, the document was not signed by Masta until it was delivered to defendant, then the transfer of legal tile to defendant was valid.

The existence of this factual dispute means that summary disposition was improperly granted to defendant. *Stehlik, supra* at 85. Accordingly, we reverse the trial court's grant of summary disposition and remand for further proceedings consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.