JOE PANIAN CHEVROLET, INC v YOUNG

Docket No. 210063. Submitted September 23, 1999, at Detroit. Decided January 4, 2000, at 9:00 A.M. Leave to appeal sought.

Janice and Harold Black brought an action in the Wayne Circuit Court against Marlynne C. Young and Joe Panian Chevrolet, Inc., seeking damages for injuries sustained by Janice Black in an automobile accident involving a vehicle driven by Young that Young had rented from Panian Chevrolet for four days while her own vehicle was being repaired. A stipulated order of partial dismissal was entered by the court, Carole F. Youngblood, J., wherein Panian Chevrolet agreed to pay the Blacks $15,000 in return for dismissal of the suit against Panian Chevrolet and Young with prejudice. The order also indicated that Panian Chevrolet, as a cross-plaintiff, would file a cross-claim for indemnification against Young. The court, James J. Rashid, J., thereafter granted summary disposition in favor of Panian Chevrolet, ordering Young to pay Panian Chevrolet $15,000 pursuant to an indemnity provision in the rental agreement. Young appealed.

The Court of Appeals *held*:

1. Panian Chevrolet was engaged in the business of leasing motor vehicles as contemplated by subsection 5 of the owners liability statute, MCL 257.401(5); MSA 9.2101(5). The Michigan Vehicle Code defines "leased vehicle" as a motor vehicle of which a person is granted possession for a contracted period and in return for a contracted sum. MCL 257.24a; MSA 9.1824(1). Here, Young was granted possession of the vehicle for a contracted period and in return for a contracted sum.

2. MCL 257.401(5); MSA 9.2101(5) refers to short-term leases only, those for a period of thirty days or less.

3. Michigan does not prohibit a person in the business of renting or leasing motor vehicles from contracting for indemnification from the vehicles' users.

Affirmed.

*Colombo & Colombo* (by *John B. Alfs* and *Michael J. Weikert*), for Joe Panian Chevrolet, Inc.

*Law Offices of David Field* (by *Eric J. Liblang*) (*Gross, Nemeth & Silverman, P.L.C.*, by *Steven G. Silverman*, of Counsel), for Marlynne C. Young.

Before: DOCTOROFF, P.J., and HOLBROOK, JR., and KELLY, JJ.

PER CURIAM. In January 1996, defendant/cross-defendant, Marlynne Young, rented an automobile from defendant/cross-plaintiff, Joe Panian Chevrolet, Inc. (hereinafter the Dealership). Young contracted to rent the car for four days. On the second day of the rental term, Young was involved in an accident while driving the rental car. Plaintiff Janice Black, who was injured in the accident, and her husband plaintiff Harold Black then filed suit against Young and the dealership. Pursuant to a stipulated order of partial dismissal, the dealership agreed to pay $15,000 to plaintiffs, and plaintiffs' suit against Young and the dealership was dismissed with prejudice. The stipulated order also indicated that the dealership would file a cross-claim for indemnification against Young. Young now appeals as of right from the order of the trial court granting summary disposition under MCR 2.116(C)(10) in favor of the dealership on the cross-claim and ordering Young to pay the dealership $15,000 pursuant to an indemnity provision in the rental contract. We affirm.

At issue in the instant case is interpretation of the owners liability statute, MCL 257.401; MSA 9.2101,[1] which provides, in relevant part:

---

[1] The owners liability statute was amended in 1995. Stylistic changes were made to subsections 1 and 2. Subsections 3, 4, and 5 (and subsection 6, which is not at issue here), were added by the 1995 amendment.

(1) This section shall not be construed to limit the right of a person to bring a civil action for damages for injuries to either person or property resulting from a violation of this act by the owner or operator of a motor vehicle or his or her agent or servant. The owner of a motor vehicle is liable for an injury caused by the negligent operation of the motor vehicle whether the negligence consists of a violation of a statute of this state or the ordinary care standard required by common law. The owner is not liable unless the motor vehicle is being driven with his or her express or implied consent or knowledge. . . .

\*     \*     \*

(3) Notwithstanding subsection (1), a person engaged in the business of leasing motor vehicles who is the lessor of a motor vehicle under a lease providing for the use of the motor vehicle by the lessee for a period of 30 days or less is liable for an injury caused by the negligent operation of the leased motor vehicle only if the injury occurred while the leased motor vehicle was being operated by an authorized driver under the lease agreement or by the lessee's spouse, father, mother, brother, sister, son, daughter, or other immediate family member. Unless the lessor, or his or her agent, was negligent in the leasing of the motor vehicle, the lessor's liability under this subsection is limited to $20,000.00 because of bodily injury to or death of 1 person in any 1 accident and $40,000.00 because of bodily injury to or death of 2 or more persons in any 1 accident.

(4) A person engaged in the business of leasing motor vehicles as provided under subsection (3) shall notify a lessee that the lessor is liable only up to the maximum amounts provided for in subsection (3), and only if the leased motor vehicle was being operated by the lessee or other authorized driver or by the lessee's spouse, father, mother, brother, sister, son, daughter, or other immediate family member, and that the lessee may be liable to the lessor up to amounts provided for in subsection (3), and to an injured person for amounts awarded in excess of the maximum amounts provided for in subsection (3).

(5) Subsections (3) and (4) shall not be construed to expand or reduce, except as otherwise provided by this act, the liability of a person engaged in the business of leasing motor vehicles or to impair that person's right to indemnity or contribution, or both.

Young argues that the trial court erred in granting summary disposition to the dealership because the term "leasing" as used in subsection 5 does not include the short-term renting of a vehicle by a dealership to a customer who is having repairs performed on her own vehicle. We disagree. "This Court reviews decisions on motions for summary disposition de novo." *Auto Club Ins Ass'n v Sarate*, 236 Mich App 432, 434; 600 NW2d 695 (1999).

> A motion pursuant to MCR 2.116(C)(10) tests the factual basis underlying a plaintiff's claim. MCR 2.116(C)(10) permits summary disposition when, except for the amount of damages, there is no genuine issue concerning any material fact and the moving party is entitled to damages as a matter of law. A court reviewing such a motion must consider the pleadings, affidavits, depositions, admissions, and any other evidence in favor of the opposing party and grant the benefit of any reasonable doubt to the opposing party. [*Stehlik v Johnson (On Rehearing)*, 206 Mich App 83, 85; 520 NW2d 633 (1994).]

Resolution of this appeal turns on an interpretation of the above statutory language. Issues of statutory interpretation are also reviewed de novo on appeal. *McAuley v General Motors Corp*, 457 Mich 513, 518; 578 NW2d 282 (1998). "The overriding goal guiding judicial interpretation of statutes is to discover and give effect to legislative intent. The starting place for the search for intent is the language used in the statute." *Bio-Magnetic Resonance, Inc v Dep't of Public*

*Health*, 234 Mich App 225, 229; 593 NW2d 641 (1999) (citations omitted). "If the language of the statute is clear and unambiguous, then no further interpretation is required." *Benedict v Dep't of Treasury*, 236 Mich App 559, 563; 601 NW2d 151 (1999).

For purposes of the Michigan Vehicle Code (MVC),[2] "leased vehicle" is defined as "a motor vehicle for which a person is granted possession for a contracted period of time and in return for a contracted sum." MCL 257.24a; MSA 9.1824(1). In the instant case, Young rented a vehicle from the dealership while her own vehicle was being serviced by the dealership. According to the rental agreement, Young rented the vehicle for four days, at a rate of $30 a day. Given that Young was "granted possession" of the vehicle "for a contracted period of time and in return for a contracted sum," we conclude that the dealership was, in fact, "engaged in the business of leasing motor vehicles" as contemplated by subsection 5 of the owners liability statute.

Young argues, however, that subsection 5 should be construed as applying only to leases, rather than short-term rentals. In support of this contention, Young points to *State Farm Mut Automobile Ins Co v Enterprise Leasing Co*, 452 Mich 25; 549 NW2d 345 (1996), in which the Court stated that "[t]he term 'lease' as it refers to cars is well understood to mean a long-term rental, similar to ownership, and is differentiated from a short-term rental." *Id.* at 38.

However, the Court's discussion in *State Farm* regarding the words "lease" and "rent" is irrelevant to the resolution of the issue whether subsection 5 of

_____

[2] MCL 257.1 *et seq.*; MSA 9.1801 *et seq.*

the owners liability statute applies only to long-term leases. First, the *State Farm* Court was not interpreting this statutory provision;[3] rather, it was interpreting ambiguous language in an insurance contract. Moreover, as noted above, where the language of a statute is clear and unambiguous, the plain meaning of the statute reflects the Legislature's intent, and judicial construction is not permitted. *Benedict, supra* at 563. That the Legislature did not intend to restrict the application of subsection 5 of the owners liability statute to long-term leases becomes perfectly clear upon a reading of the entire statute. Subsection 3 of the statute specifically refers to leases "providing for the use of the motor vehicle by the lessee for a period of *30 days or less*"; subsection 5, in turn, states specifically that subsection 3 shall not be construed to impair a lessor's right to indemnity. Moreover, because subsection 2 completely eliminates the liability of a lessor under a lease for a period of more than thirty days, it is indisputable that subsection 5 refers *only* to short-term leases (those for a period of thirty days or less).[4] Because there is no ambiguity in

---

[3] Indeed, the 1995 amendment was not in effect at the time of the incidents in question in *State Farm.* See *Enterprise Leasing Co of Detroit v Sako,* 233 Mich App 281, 284, n 1; 590 NW2d 617 (1998) ("We note that, after the accident involved in the case at bar, the owner liability statute was amended to limit the liability of a vehicle lessor.").

[4] Such a reading is fully supported by the legislative analysis of the 1995 amendment of the statute, which provides that

[t]he bill would apply to leases providing for use of the motor vehicle for 30 days or less. The code already says that a person engaged in the business of leasing motor vehicles is not liable at common law for damages to either person or property resulting from the operation of a leased motor vehicle if the lease is for a period greater than 30 days. [House Legislative Analysis, HB 4679, June 29, 1995.]

the language of the statute, this Court will apply it as written. *Id.*

Young additionally argues, for the first time on appeal, that the category of persons "engaged in the business of leasing motor vehicles" under subsection 5 of the owners liability statute should be construed as being limited to those who are members of the car and truck rental industry. Although Young did not make this argument below, this Court may address an unpreserved issue if it is one of law for which all the necessary facts were presented. *D'Avanzo v Wise & Marsac, PC,* 223 Mich App 314, 326; 565 NW2d 915 (1997).

In support of her argument, Young cites the following language from the legislative analysis of the 1995 amendment of the owners liability statute:

*Against*:

The bill carves out a narrow exception to the owner's liability statute for one kind of company. This is unfair and bad public policy. If it is an unfair law, it is unfair for everyone, not just for one industry. The statute applies to all private vehicle owners who let others use their vehicles. It affects other kinds of companies, such as employers whose employees use their vehicles. It affects, for example, auto repair shops or dealerships that provide loaner vehicles. Some people believe the vicarious liability statute should be repealed and that liability should be tied to negligent behavior.

*Response*:

The bill addresses a peculiar problem faced by the car and truck rental industry. It offers them practical, immediate relief from the threat of catastrophic damage awards from lawsuits under the current law. This is a serious demonstrated business problem for the industry. [House Legislative Analysis, HB 4679, June 29, 1995.]

It is true that where ambiguity exists in a statute, a court may refer to the history of the legislation in order to determine its underlying intent. *Luttrell v Dep't of Corrections*, 421 Mich 93, 103; 365 NW2d 74 (1984). However, because the language of the statute is clear, it is not necessary to resort to the legislative history to determine the meaning of "person engaged in the business of leasing motor vehicles." See *Chmielewski v Xermac, Inc*, 457 Mich 593, 608; 580 NW2d 817 (1998). Furthermore, the language cited by Young from the legislative analysis does not support her contention on appeal that the Legislature intended to restrict the application of subsection 5 to such car rental companies as Ryder, Enterprise, and U-Haul. Moreover, Young has not demonstrated the existence of a genuine issue of material fact regarding the dealership's status as a member of the "car and truck rental industry." The contract at issue is printed on letterhead reading "Joe Panian Rental Cars" and is entitled "Rental Vehicle Agreement." Therefore, even if this Court were to construe subsection 5 as referring only to members of the "car and truck rental industry," as Young urges us to do, there would be no basis for overturning the trial court's grant of summary disposition.

Finally, even if subsection 5 of the owners liability statute were inapplicable to the dealership, summary disposition of Young's claim would nevertheless be appropriate. This is not a case in which the owner of a vehicle has attempted to contractually shift its responsibility for providing primary residual liability coverage on the vehicle to the driver and the driver's insurer; contractual provisions of this nature were held to be invalid in *State Farm, supra*. Rather, the

contractual provision at issue in the instant case simply afforded the dealership the right of indemnification from Young. We are aware of no legal rule in Michigan prohibiting a person in the business of renting or leasing vehicles from contracting for indemnification from the vehicles' users.

Affirmed.