635 N.W.2d 35 (2001)
Janice BLACK and Harold Black, Plaintiffs,
v.
JOE PANIAN CHEVROLET, INC., Defendant-Cross-Plaintiff-Appellee, and
Marlynne Christina Young, Defendant-Cross-Defendant-Appellant.
Docket No. 116689, COA No. 210063.
Supreme Court of Michigan.
November 2, 2001.
By order of December 27, 2000, the application for leave to appeal from the January 4, 2001, decision of the Court of Appeals, was held in abeyance pending the decision in Universal Underwriters Ins. Co. v. Kneeland, 464 Mich. 491, 628 N.W.2d 491 (2001). On order of the Court, the decision having been issued on July 3, 2001, 464 Mich. 491, 628 N.W.2d 491 (2001), the application is again considered, and it is DENIED because we are not persuaded that the question presented should be reviewed by this Court.
MARILYN J. KELLY, J., dissents and states as follows:
I would grant leave to appeal. Plaintiff has settled her claim against defendants Marlynne Young and Joe Panian Chevrolet, Inc., a dealership. The case now involves a cross-complaint between the two defendants. While the dealership was repairing Young's car, she rented another car from it. While driving the rental vehicle, she became involved in an accident with plaintiffs Janice Black and Harold Black. They sued for personal injury and obtained a recovery against the dealership through a settlement.
The dealership then sued Young for indemnification on the basis of a clause in its printed rental contract. It prevailed on a motion for summary disposition, and the Court of Appeals affirmed, stating that it knew of no legal rule preventing owners from being indemnified by vehicle users. Joe Panian Chevrolet, Inc. v. Young, 239 Mich.App. 227, 608 N.W.2d 89 (2000).
In this appeal, the dealership seeks full indemnification for all damages resulting from the accident, notwithstanding the no-fault statute and our holding in State Farm v. Enterprise Leasing, 452 Mich. 25, 549 N.W.2d 345 (1996). The statute requires an automobile owner to purchase liability insurance covering the owner and any person using the vehicle with the owner's permission. MCL 257.520(b)(2). In State Farm, we held that an owner cannot shift the responsibility to provide primary insurance for an automobile it owns to a renter. The Court of Appeals ruling here presents us with the possibility that this responsibility can be shifted in fact, if not in name.
To prevent this state's no-fault statute from barring a recovery, the dealership asserts that its damages are contractually based, not tort based. Next, it handles our ruling in State Farm as a formality, asserting that the Court of Appeals treated the rental contract as not actually and expressly shifting the responsibility for insurance. The Court of Appeals decision does allow a car owner, through an indemnification clause in its rental agreement, to shift its responsibility under the no-fault act to another.
This case raises a jurisprudentially significant issue concerning our no-fault insurance system and deserves our intervention.
*36 MICHAEL F. CAVANAGH and WEAVER, JJ., concur with the statement of MARILYN J. KELLY, J.